## JESSE HOLTON *v*. JAMES BROWN.

A tender, with a condition annexed to its acceptance, is invalid.

The defendant, being indebted to the plaintiff upon a promissory note, secured by mortgage, tendered to the plaintiff's attorney the amount due, and demanded the note; the attorney replied, that he could not then conveniently find the note, but offered to give a receipt for the note, and to discharge the mortgage; but the defendant refused to pay the money, unless he could have the note; and it was held, that such tender was no bar to an action of ejectment, brought upon the mortgage.

And the attorney, to whom the tender was made, is a competent witness for the plaintiff in such action of ejectment.

EJECTMENT, founded upon a mortgage. Plea, the general issue, and trial by the court,—BENNETT, J., presiding.

On trial it appeared that the mortgage was executed for the security of a promissory note, and that the plaintiff, prior to the commencement of this action, directed the defendant to pay the note to Horatio Seymour, with whom, as agent and attorney for the plaintiff, the note was left; that the defendant tendered to Seymour the amount due, and demanded the note; that Seymour replied that he had had the note, and that it was somewhere among his papers, but that it was mislaid, and that he could not then conveniently find it, but that he would give the defendant a receipt for the money and discharge the mortgage upon the town records; that the defendant declined paying the money, unless he could receive the note; and that afterwards, and on the same day, this action was commenced. It appeared that the note was, at that time, in the possession of Seymour, and that it had never been negotiated by the plaintiff. To prove the offer to the defendant, above stated, the plaintiff offered Seymour as a witness; to whom the defendant objected, on the ground of interest; but the objection was overruled by the court.

The county court, upon these facts, rendered judgment for the plaintiff. Exceptions by defendant.

*E. D. Barber* and *E. J. Phelps* for defendant.

1. Though it is true, that a tender of the amount due upon a simple contract debt, not negotiable, must be absolute, and without

condition, a different rule applies to the case of a tender upon a negotiable note, or bill ; such a tender is valid, if accompanied with the condition, that the note, or bill, be given up to the maker ; and this for various reasons. 1. Because a negotiable bill, or note, constitutes a *mutual contract* between the payor and payee, by which the one is as much bound to deliver up the note, as the other is to pay it. Nor is the latter bound to pay it at all, unless it be delivered up, so as to stop its farther negotiation,—except in the event of its having been absolutely destroyed, and of this the burden of proof is on the holder. *Hansard* v. *Robinson,* 14 E. C. L. 20. *Poole* v. *Smith,* 3 E. C. L. 55. *Davis* v. *Dodd,* 4 Taunt. 602. *Lazell* v. *Lazell,* 12 Vt. 449. *Dent* v. *Dunn,* 3 Camp. 296. 2. Because this rule is necessary, in order to prevent gross fraud, hardship and injustice to the payor. 5 Mass. 334. 7 Mass. 58. 11 Mass. 90. If the law justifies the holder of a note in demanding payment without producing it, when mislaid, or lost, it must justify him in refusing to produce it, when in his power, and thus open the door to the grossest fraud.

2. The witness Seymour was interested in the event of the suit.

*H. Seymour* for plaintiff.

1. The facts furnish no ground of defence to this action. The defendant, had he paid the money due on the note, and taken a receipt, could not have been made liable to pay the note again. *Lazell* v. *Lazell,* 12 Vt. 449. *Pintard* v. *Tackington,* 10 Johns. 104. Bayl. on Bills 297. *Long* v. *Bailie,* 2 Camp. 273. *Rolt* v. *Watson,* 4 Bing. 273. 1 Saund. 275. 2 Stark. Ev. 142. Chit. on Bills, 156, 157.

2. Seymour, being the plaintiff's agent, was a competent witness for his principal. *Wainwright* v. *Straw,* 15 Vt. 215. Greenl. Ev. 459.

The opinion of the court was delivered by

BENNETT, J. The simple question in this case is, whether the plaintiff's right of action is barred by reason of the tender, which is insisted upon in the defence. When the money was tendered, the note secured by the mortgage was demanded, and the defendant re-

29

Holton *v.* Brown.

fused to part with the money, unless the note was surrendered. The note was at that time mislaid, but Seymour proposed to receive the money and discharge the note and mortgage; but the defendant declined to leave the money on such terms. This note was payable to Jesse Stratton or order, and has never been negotiated by the payee. The plaintiff might have recovered in an action at law upon the note, provided it had been shown to have been lost. The right of the holder, in such case, at law, is fully recognized in the case of *Lazell* v. *Lazell*, 12 Vt. 449. If the plaintiff could maintain an action on the note, at law, upon proof of its loss, without producing it, it would seem that the defendant, to have such action, must have made an absolute and an unconditional tender. A tender, with a condition annexed to the acceptance, is invalid. The party has not a right to demand a receipt, or a surrender of the security, or obligation, upon which the money is tendered. *Laing* v. *Meaden*, 1 C. & P. 257. *Evans* v. *Judkins*, 4 Camp. 156. *Cole* v. *Blake*, Peake 180. *Loring* v. *Cooke*, 3 Pick. 51. The case of *Hansard* v. *Robinson*, 14 E. C. L. 20, cited by the counsel for the defendant, is a case in which the lost paper had been *negotiated*, and it was correctly held, that in such case there could be no remedy at law. The remedy must be in equity, where it is within the province of the court to order an indemnity to be furnished against such out-standing paper, before the court will grant relief. In the case cited from Campbell's Reports the paper had also been *negotiated*.

If the tender would not have barred an action on the note, much less would it bar an action of ejectment on the mortgage deed. The fact that Seymour offered to give a discharge of the note and of the mortgage is of no particular importance, except as it evinced a willingness on his part to make the defendant safe against any future attempt to enforce a second payment of the note.

We can see no ground for claiming that Seymour was an incompetent witness.

Judgment of the county court affirmed.