# Scheuing *versus* Yard.

1. While the Act of March 24th 1877 makes it the duty of a judge to reduce to writing the answers to the several points presented, and read them to the jury before they retire to consider their verdict, an omission to do so is not an error for which the judgment will be reversed.

2. It is sufficient, in the review of the judgment in the Supreme Court, if the points are substantially answered in the charge.

January 8th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county:* Of January Term 1878, No. 8.

Scire facias sur mortgage, issued by Charles Yard, executor of Mary P. Loxley, deceased, against Conrad Scheuing.

The verdict was for plaintiff, when defendant took this writ, his eleventh assignment of error being as follows:—

" The court erred in not only omitting to affirm or disapprove, or take specific notice of the several points on which they were requested to charge, but in omitting to notice at all the law presented by those points."

The court (Mitchell, J.), while not giving a specific answer to each point, answered them substantially in the general charge.

*William G. Foulke* and *E. Spencer Miller*, for plaintiff in error. —By the Act of March 24th 1877, Pamph. L. 38, it is provided, " that whenever, in the trial of a cause before any of the judges of

[Scheuing v. Yard.]

the several courts of Common Pleas within this Commonwealth, if any of the parties or their counsel shall request the court to charge the jury on particular points of law drawn up in writing and handed to the court before the close of the argument to the jury, the judge who charges the jury shall reduce the answers to the points to writing, and read them to the jury before they retire from the bar to consider the verdict; and the said points and answers thereto shall be filed immediately by the court or judge, and become part of the records of the case for the purposes of error.

"The charge and answers of the court to points in all cases when filed shall be a part of the record for the purpose of assignment of errors."

His honor, the judge, disregarded the act, though his attention was called to it, and we assign this as error.

The court should have given specific answers to our points. We are entitled to a direct and separate answer, and a refusal is ground for reversal.

*John G. Johnson* and *Henry S. Hagert*, for defendant in error. —The Act of 1877 is identical in words with that of 17th April 1856. It was held, as to the requirements of the latter, that they are only directory, and that it is not necessary for the judge to answer any points presented to him separately, if they are substantially answered in the charge: Patterson *v.* Kountz, 13 P. F. Smith 250.

The judgment of the Supreme Court was entered, January 27th 1879,

PER CURIAM.—While the Act of March 24th 1877, Pamph. L. 38, undoubtedly makes it the duty of a judge to reduce his answer to the several points presented to writing and read them to the jury before they retire to consider of their verdict, it does not declare that the omission to do so shall be error for which the judgment shall be reversed. The neglect or omission then cannot avail the plaintiff. Such has been the uniform ruling of this court in the construction of acts of this character: Morberger *v.* Hackenberg, 13 S. & R. 26; Patterson *v.* Kountz, 13 P. F. Smith 246. It is sufficient, therefore, in the review of the judgment in this court, if the points are substantially answered in the charge: Patterson *v.* Kountz, 13 P. F. Smith 250, and cases there cited. We think the points of the defendant below were substantially answered, and the charge was in all respects as favorable to him as he could ask. He stated in his own testimony that he had directed Yard to pay the money to Bonsall. Yard could then not be responsible for the misappropriation of the money by Bonsall unless he was in some way a party to such a misappropriation. There was no evidence in the cause that Bonsall acted as the agent of both parties in the receipt

[Scheuing *v.* Yard.]

and disbursement of the moneys. Scheuing said expressly, "It was agreed that the judgments should be paid off by Mr. Yard giving the money to Mr. Bonsall." That is, Scheuing constituted Bonsall his attorney to receive and disburse the money which he thereby authorized Yard to pay him. There was nothing, then, on which to ground the defendant's seventh point. The questions in the cause were essentially questions of fact, and were properly submitted to the jury. Judgment affirmed.