JAMES LUMSDEN, In Equity, *vs.* JOHN W. MANSON, and others.

Somerset.    Opinion April 11, 1902.

*Mortgage.    Assignment.    Discharge.    Tender.    Redemption.    R. S., c. 90, § 15.*

1.  The purchaser of an equity of redemption cannot require the mortgagee or his assignee to assign the mortgage and mortgage debt to him upon being tendered the amount thereof.  The only duty of the mortgagee or his assignee upon being tendered the amount of the debt is to discharge or cancel the mortgage.

2.  That the assignee of the mortgage has agreed with the original mortgagor to purchase the mortgage and foreclose it, and, if not redeemed, to afterward convey the property to him upon agreed terms, does not entitle the purchaser from the mortgagor to have the mortgage and debt assigned to him.

3.  A bill in equity cannot be maintained to redeem from a mortgage without a previous tender of performance of the condition of the mortgage or proof of facts lawfully excusing the omission of such tender.  The bill itself must contain allegations of such previous tender or of such facts as will lawfully excuse the omission to so tender.

4.  A tender to the mortgagee or his assignee of the amount due upon the mortgage coupled, however, with the demand and condition that the mortgage shall be assigned to the person proffering the money, is not a sufficient tender of performance.  The tender must be unconditional or at least accompanied only by a demand for a discharge or cancellation of the mortgage.

5.  When the bill contains no allegations of lawful tender of performance nor of any facts lawfully excusing the omission, the bill cannot be maintained as a bill to redeem ; but when such facts may perhaps exist, it may be dismissed without prejudice.

On report.    Bill dismissed without prejudice.

Bill in equity, heard on bill, answers and proofs, praying, among other things, that the defendant Manson may be required to assign the mortgages and the notes thereby secured, held by him, to the plaintiff.

The case appears in the opinion.

*A. K. Butler and L. L. Walton,* for plaintiff.

*J. W. Manson and G. H. Morse,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEABODY, JJ.

EMERY, J. This equity case was submitted on report of bill, answers and evidence, and, of course, as to the facts found we simply state them without giving any reasons for such finding. So far as material for an exposition of the questions of law involved, we think the facts found may be briefly stated as follows:

The defendant, Samuel Whittemore, being then the owner of the parcel of real estate described in the bill, mortgaged it on July 3, 1890, to one Warren Loomis to secure his debt and promissory note of that date to Loomis. The defendant Ella M. Whittemore, wife of Samuel, joined in the execution of this mortgage by releasing dower.

November 24, 1898, Samuel Whittemore conveyed to his wife Ella, one undivided half of the described parcel of real estate by deed duly recorded the same day. February 9, 1900, Samuel quit-claimed all the described real estate to his wife by deed duly recorded on that day.

August 7, 1897, before the first deed from Samuel Whittemore to his wife, he was indebted to one Merrill, who on the 23rd day of January, 1899, (after the first but before the second conveyance to the wife) began suit against Samuel on that indebtedness, and on that day attached all his interest in real estate. Merrill recovered judgment in that suit on January 13, 1900, and on the 19th day of March, 1900, he caused all Samuel Whittemore's interest in this real estate to be sold upon execution, at which sale the plaintiff Lumsden became the purchaser and received the sheriff's deed.

In the meantime the wife, Ella Whittemore, consulted the other defendant, John W. Manson, an attorney at law, as to her interest in the real estate. Manson thereupon purchased the mortgage debt and security of the mortgagee, Loomis, and took an assignment of both to himself. He did this with his own money and not upon Mrs. Whittemore's credit, though it was done at her request and with the verbal understanding that if the mortgage was not redeemed before foreclosure perfected, he would nevertheless quit-claim the

premises to her upon being paid for his services and advances with interest. There was no understanding, however, that Mrs. Whittemore was bound to repay him the money he paid for the mortgage. Manson relied entirely on the mortgaged property for that.

The plaintiff Lumsden, having thus acquired the title of Samuel Whittemore in the premises and claiming his title thus acquired to be better than the title of Ella the wife, but apparently thinking there might be a question as to that, tendered to Manson the assignee of the Loomis mortgage the full amount due thereon, but demanded an assignment of the mortgage to himself. This Manson refused to do, but did offer to effectually discharge the mortgage. The plaintiff was not content with a mere release or discharge, and coupled with his tender a demand for an assignment. This bill in equity was then begun against Samuel and Ella Whittemore and Mr. Manson, for the purpose of procuring an assignment of the mortgage from Manson, and for the further purpose of removing from the plaintiff's title the cloud of Mrs. Whittemore's claim under the conveyances to her. Many other matters of fact were alleged and proved, but those above stated are all that are necessary for an exposition of the law of the case.

I. We have first to consider the plaintiff's rights against Manson as the assignee and owner of the mortgage debt and security, ignoring for the present the relations between Manson and the other defendants.

In cases where the party paying the mortgage debt is entitled to the benefit of the security by way of subrogation, as in the case of a surety, it may be that an equity court, to more easily and readily effectuate the subrogation, can require the mortgage security to be assigned instead of cancelled. So where one buys property as free from mortgage, the vendor agreeing to pay the mortgage debt, if the purchaser is himself obliged to pay the debt to save his property, it may be he would be entitled to an assignment of the mortgage. In such cases the party thus paying the debt to save his own property acquires by such payment a claim against the mortgagor or debtor, for reimbursement and is entitled in equity to have and to hold the

original mortgage as security for that claim. We have, however, no occasion here to say what is the law in such cases.

But in this case before us the plaintiff was not a surety, nor guarantor. He was under no liability to, or for, the mortgagor or his wife; nor was he a creditor of either; nor was either of them in any way bound to him to pay the mortgage debt. At the most, he was a mere purchaser and owner of the equity of redemption, without acquiring any claims against the mortgagor or his grantees. He acquired, not the land itself free of mortgage, but a mere right to redeem the land from the mortgage. This right of redemption was not a right to acquire and hold the mortgage. It was merely a right to free the property from the mortgage, to remove or extinguish the mortgage and hold the property free from it. Mr. Manson, the owner of the mortgage, was not bound to consider the conflicting claims of the plaintiff and Mr. and Mrs. Whittemore, nor to aid one more than another. He was not bound to sell or assign his mortgage to either. He was only bound to remove or extinguish the mortgage by proper cancellation, when the mortgage debt was paid or tendered him by the owner of the equity of redemption. Jones on Mortgages, § 792; *Butler* v. *Taylor*, 5 Gray, 455; *Ellsworth* v. *Lockwood*, 42 N. Y. 89; *Hubbard* v. *Ascutney Co.*, 20 Vt. 402. The language of our statute R. S., c. 90, § 15, that the court may compel the mortgagor "to release to him (the owner of the equity of redemption) all his right and title" in the mortgaged premises does not imply an assignment of the mortgage, but only its release or removal.

The plaintiff contends, however, that Manson bought the property for Mrs. Whittemore and holds it in trust for her, and will assign or convey it to her upon being paid by her for his services and advances; that they thus conspired to hinder him from redeeming or otherwise to obtain an advantage over him. If this be so, we do not see how that enlarges the plaintiff's rights. If Mrs. Whittemore had purchased and taken an assignment of the mortgage in her own name with her own money, we do not see why she would have been obliged to assign the mortgage to the plaintiff. If the plaintiff pays the mortgage debt there will be no mortgage for Manson to assign to

Mrs. Whittemore.  If the plaintiff does not pay the mortgage debt, he has no cause to complain of any disposition Manson may choose to make of his interest or title.  However much it might be to the advantage of the plaintiff to purchase and hold the mortgage as a subsisting mortgage against Mrs. Whittemore, we do not see that he has acquired the right to do so.  He cannot compel Mr. Manson to assign to him nor can he restrain him (except by payment of the debt) from assigning to Mrs. Whittemore if he chooses.

II.   The bill not being sustainable to compel an assignment of the mortgage, can it be sustained as a bill to redeem?  In this State no bill in equity can be sustained for the redemption of mortgaged real estate without a performance or tender of performance of the condition of the mortgage, or the existence of facts preventing or hindering such performance or tender.  The bill itself must contain an allegation of such performance or tender, or of such facts as will excuse non-performance or non-tender.  The mortgagor has no occasion to invoke the equity power of the court until he has performed or tendered performance of the condition or been prevented from so doing.  He has no cause of complaint until then and the refusal of the mortgagee to release.  It is his equitable as well as his legal duty to perform or tender performance, or show cause why he cannot, if he would have the mortgage discharged.  He must do equity before he invokes equity.  *Wing* v. *Ayer*, 56 Maine, 138; *Dinsmore* v. *Savage*, 68 Maine, 191.

In this case there was a tender of a sum of money equal to the full amount of the mortgage debt.  The bill was filed immediately after this tender, and the defendant Manson makes no point that the tender, such as it was, has not been kept good.  The money was tendered, however, not in payment of the mortgage debt, but practically only for its purchase; not for an extinguishment of the mortgage incumbrance, but for acquiring it and keeping it in existence.  Mr. Manson offered to accept the money as a performance of the condition of the mortgage, and to at once effectually discharge the mortgage.  As already explained this was all the defendant Manson was bound to do, but the plaintiff would not part with the money on those terms, but only for an assignment.  Clearly there was in this no performance

nor tender of performance of the condition of the mortgage such as the law requires as a preliminary to a bill to redeem. *Burrill* v. *Parsons,* 73 Maine, 286; *Munro* v. *Barton,* 95 Maine, 262; *Holton* v. *Brown,* 18 Vt. 224; *Richardson* v. *Boston Chemical Laboratory,* 9 Met. 42. Nor are there in the bill any allegations of matters of fact showing any lawful excuse for non-performance. Doubt in the mind of the plaintiff as to whether he could sustain his title to the equity of redemption against the claim of the wife under her deeds does not of course increase his rights against the mortgagee, nor the duty of the mortgagee as to him. Notwithstanding such doubts, he was no more than the owner of the equity of redemption, bound to perform or tender performance of the condition of the mortgage (unless prevented) before asking for a release of the mortgage. This he has not done, nor shown any excuse for not doing, and hence cannot maintain this bill as a bill to redeem.

III. The plaintiff further asks for relief by way of a decree removing the cloud from his title caused by the claims of the defendant Ella M. Whittemore under deeds from Samuel Whittemore. The plaintiff, however, is not in possession of the real estate and has never had possession, so far as appears, and hence has no occasion to resort to the equity powers of the court to clear his title. No reason is shown why he cannot enforce all his rights against either of the Whittemores, and have determined all questions of title between him and them, by actions at law.

IV. The plaintiff has not shown any right to any relief under this bill; but as he may in fact have some equitable rights in the matter not yet disclosed which the unqualified dismissal of this bill might embarrass, we think the dismissal may properly be without prejudice.

*Bill dismissed without prejudice.    One bill of costs for respondents.*