# Maurer *v.* Brennan, Appellant.

*School law—Auditors—Order to produce books—Contempt—Subpœna —Act of May 31, 1911, secs. 2609 and 2611, P. L. 309—Act of March 21, 1806, sec. 13, 4 Sm. L. 332.*

1. The court of common pleas has no jurisdiction under the School Code of May 31, 1911, secs. 2609 and 2611, P. L. 309, to make an order on the secretary, treasurer and school directors of a school district to produce the books and papers of the district to the auditors, if no subpœna has been previously issued by the auditors to produce such papers and books. The remedy provided by the act must be strictly pursued, as directed by the Act of May 21, 1806, sec. 13, 4 Sm. L. 332, which enacts that "in all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of Assembly of the Commonwealth, the direction of the said acts shall be strictly pursued."

2. The court of common pleas has no jurisdiction to order the delivery of the papers and books of a school district to the auditors.

It can only direct that the papers and books shall be produced by the proper officers of the school district to the auditors. The custody of the books must remain with the school directors.

Argued Oct. 28, 1914. Appeal, No. 222, Oct. T., 1914, by defendants, from order of C. P. Northumberland Co., Sept. T., 1914, No. 347, to turn over books in case of David M. Maurer and John M. Eilenberg, Auditors of the School District of Coal Township, v. Edward Brennan, John A. Aadamiak, Wm. A. Mangle, M. J. McBride, P. T. Ryan, A. L. Broskey, Directors of said School District. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Petition for production of books.

The opinion of the Superior Court states the case.

*Error assigned* was the order of the court which was as follows:

And now, to wit, August 6, 1914, the court being satisfied that, in order that an audit be made of the accounts of the school district of Coal township, and in order to assist the auditors in the rapid performance of their duties, that it is necessary for the books and papers in the hands of the officers of the board to be turned over to the auditors; the school directors of Coal township are hereby directed and ordered to comply with the former order of the court and turn over the books and papers in their hands asked for by the auditors, within twelve hours from twelve o'clock noon of this day.

*Charles C. Clark*, with him *P. F. Brennan* and *John I. Welsh*, for appellant.—It is conceded that under the act of assembly the auditors are empowered to issue subpœnas to produce books, papers, etc., and that a refusal to so obey may be contempt of court, but in this instance there was no subpœna issued as required by the

act of assembly and no legal and proper demand made upon the appellants for production of the books, papers, etc.: Worman v. Boyer, 14 S. & R. 212.

The order to produce books and papers will not be made without giving the adverse party full opportunity to answer and to be heard: Langcliff Coal Co. v. Coal Co., 10 Pa. Dist. Rep. 645; Leslie v. Mahoning Ry. Co., 22 Pa. C. C. Rep. 300; Bank v. Power, 2 W. N. C. 275.

No printed brief for appellee.

OPINION BY KEPHART, J., December 20, 1914:

This proceeding was instituted under the act of May 31, 1911, known as the School Code. It had for its purpose the production of the minute books, bank, check, time check and cash books, pay rolls, ledgers, note records, order books and all orders paid of the school district of the township of Coal, Northumberland county. The order for their production was made by the court below at the instance of the auditors, and was directed to the secretary, treasurer, and school directors of this district. It required these books, papers, etc., to be delivered to the auditors who were to have their custody until the completion of the audit. When the order was served on the respondents they promptly presented a petition asking for a modification of the order, which was refused. Thereupon the petitioners moved that the respondents be adjudged guilty of contempt. An order to this effect was made subject, however, to an allowance of twelve hours to comply with the decree previously entered. The remedy to compel the production of books, papers, etc., by the auditors of the school district is statutory and will be found in secs. 2609 and 2611 of the Act of May 31, 1911, P. L. 309. Section 2609 provides: "The several auditors herein provided for shall have power and are hereby authorized to issue subpoenas to compel the attendance of school officers . . . . and to compel the production of

all books, records, vouchers, letters and papers relating to any accounts being audited by them." Section 2611 provides: "In case of disobedience to a subpœna . . . . to produce any papers, books, records, vouchers, letters, or other written or printed matter . . . . the auditors may invoke the aid of the Court of Common Pleas of the proper county . . . . to compel compliance with the same; and any such court in case of contumacy or refusal to obey a subpœna, may issue its order to such person so refusing . . . . and by failure to obey such order of court may be punished by said court as for contempt thereof." The petition upon which this proceeding is based sets forth as reasons for the court's action: "that your auditors find the work of auditing the different accounts and examining the records of said school district . . . : is laborious and requires considerable time and labor to make a true and just audit of the same." "That many of the official records . . . . are very incomplete and . . . . require special investigation . . . . that your auditors reside in the western end of the Township of Coal and that it is very inconvenient and takes up considerable time in traveling to and from the High School Building which is in the eastern end of the said School District." An inspection of this record shows the total absence of jurisdictional facts to ground the action of the court. The act expressly requires that a subpœna must be issued, served and disobeyed before the assistance of a court may be invoked. As a fact no subpœna had been issued either before or after the presentation of this petition. The act furnishes a complete remedy to facilitate the labors of the auditors and must be followed. It is within the language of the Act of March 21, 1806, sec. 13, 4 Sm. L. 332. "In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of Assembly of this commonwealth, the directions of the said acts, shall be strictly pursued:" Norwegian Street, 81 Pa. 349; Harris v. Mercur, 202 Pa.

313. The command of the statute not having been obeyed the court below was without jurisdiction to entertain this petition and all subsequent orders made by it were without legal authority. The first assignment of error is sustained.

The disposition of the remaining assignments of error is unnecessary to the determination of this matter, but it may be well to express to some extent our views on the questions raised by these assignments. We do not wish to be understood as saying that the auditors would be compelled to audit the accounts of the school district at the office of the directors. The auditors may select such place as to them may be suitable. The act of assembly does not contemplate the surrender of the possession of the books, papers, etc., to the auditors but what it does require, when properly demanded, is that the directors or other officers shall attend the auditors and shall produce to them the books, papers, etc., for the purpose of audit. The school directors are charged with the responsibility of safely keeping these records.

The order of the court below is reversed and the proceedings set aside at the costs of the appellee.