## Butler Boro. School District, Appellant, *v.* Penn Township School District.

*Practice, C. P.—Judgment n. o. v.—Failure to present written point—Point allowed nunc pro tunc.*

Where a defendant presents an oral and not a written request for binding instructions in his favor, the court cannot subsequently entertain a motion for judgment for defendant n. o. v.; nor can it more than a month after the trial permit a written point to be filed nunc pro tunc, and enter judgment thereon n. o. v.

Argued May 9, 1916.    Appeal, No. 153, April T., 1916, by defendant, from judgment of C. P. Butler Co., Sept.

BUTLER BORO. S. D., Appellant, *v.* PENN TWP. S. D. 209
208, (1916).] Statement of Facts—Opinion of the Court.

T., 1914, No. 55; for defendant n. o. v. in case of School District of Butler Borough for use, I. J. Maharg, v. Penn Township School District. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Appeal from judgment of justice of the peace.

Assumpsit for tuition, text books and supplies furnished a pupil resident in Penn Township. Before REIBER, P. J.

Verdict for plaintiff for $36. The court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*John R. Henninger,* for appellant.

*John H. Wilson,* for appellee.

OPINION BY TREXLER, J., July 18, 1916:

The court entered judgment for the defendant non obstante veredicto. No point was "drawn up in writing and handed to the court before the close of the argument to the jury," as provided by the Act of March 24, 1877, P. L. 38, Section 1. An oral motion is not such a point: Reichner v. Reichner, 237 Pa. 540; Hanick v. Leader, 243 Pa. 372. There having been no point for binding instructions submitted, there could be no judgment n. o. v. entered under the Act of April 22, 1905, P. L. 286; Sulzner v. C. L. & M. Co., 234 Pa. 162; Haley v. Amer. Agricul. Chem. Co., 224 Pa. 316; Reichner v. Reichner, supra; Philadelphia v Bilyeu, 36 Pa. Superior Ct. 562.

More than one month after the trial, the judge allowed the motion for judgment which had been orally made at the trial to be reduced to writing, and to be filed nunc pro tunc and entered judgment n. o. v. in defendant's favor. We cannot see how the court had power so to do.

When the legislature directed that the points submitted should be in writing it provided a definite way of procedure. "Where authority to proceed is prescribed by statute the method of procedure is mandatory and must be strictly complied with, or the proceeding will be utterly void: Harris v. Mercur, 202 Pa. 313; St. Clair Boro. v. Souilier, 234 Pa. 27; Maurer v. Brennan, 58 Pa. Superior Ct. 587; Dunmore Boro. School District v. Wahlers, 28 Pa. Superior Ct. 39. In the Act of 1877, supra, there is a particular direction that the point to be submitted to the court on the trial of a case shall be in writing. It is true that in Patterson v. Kountz, et al., 63 Pa. 246, the provisions of the Acts of April 15 and 17, 1856, P. L. 337, 395, that the points and answers shall be filed immediately by the prothonotary and that the judge shall file the charge with the prothonotary, are held to be directory and did not render the judgment erroneous. The reasons given distinguish the case from this. The judge answered the points submitted in his charge and thus the purpose of the act was carried out (Scheuing v. Yard, 88 Pa. 286), and as to the charge not being filed by the judge it was held that it would be most unjust to visit the offense of the judge on an innocent suitor who had obtained an honest and legal judgment. Here however the duty to present the point in writing was on counsel. The exceptions which justified a departure from a prescribed procedure are mentioned in Harris v. Mercur, 202 Pa. 313, they are where the procedure is under a rule of court or where the court has discretionary power or where the performance of the act required was erroneously prevented by an officer. That case arose under the Act of April 22, 1874, P. L. 109, providing for the waiver of a jury trial and it was there held that the order of court allowing a party to file exceptions after the expiration of thirty days was error and this was followed by a number of cases in which it was held that after the expiration of the time fixed by an act of assembly in which certain things had to be done,

the court was without power to allow them to be done.
See Dunmore Boro. School District v. Wahlers, 28 Superior Ct. 39; Maurer v. Brennan, 58 Pa. Superior Ct.
587; St. Clair Boro. v. Souilier, 234 Pa. 27. We are not
considering the question of the presence of fraud; that
does not enter into this case.

We think the court had no right under the facts as they
appear to allow the motion for binding instructions to
be entered nunc pro tunc and therefore the entry of
judgment n. o. v. was error.

The judgment is reversed and the record is remitted
with instructions that judgment be entered on the verdict.