LILLIE MAY ROWE, BY ARTHUR P. YAGER, HER GUARDIAN AND CURATOR, AND E. G. ROWE, RESPONDENTS, v. BANK OF CENTRALIA, A CORPORATION, AND E. R. BARRETT, APPELLANTS.*

St. Louis Court of Appeals. Opinion filed February 7, 1928.

*Corpus Juris-Cyc. References: Mortgages, 41CJ, p. 799, n. 64.

*Rodgers & Buffington* for appellant.

*Clarence A. Barnes* for respondents.

NIPPER, J.—This is an action in equity whereby plaintiffs asked that the defendant, Bank of Centralia, be required to endorse a note "without recourse" and surrender the same upon receipt of the money found to be due on said note and tendered into court, and that the defendants be enjoined from proceeding with a foreclosure of the deed of trust securing the note.

The plaintiff, Lillie May Rowe, is the insane wife of E. G. Rowe, and Arthur P. Yager is the duly appointed guardian and curator of the said Lillie May Rowe. Lillie May Rowe had been insane for some eighteen years prior to the institution of this suit, although she was released from the hospital at short intervals at different times. She was adjudicated insane and this guardian appointed in January, 1926.

In 1901, E. G. Rowe purchased eighty-four acres of land in Audrain county. He moved thereon, and occupied the same as a homestead up to the date of the institution of this suit. On February 25, 1904, plaintiffs, Lillie May Rowe and E. G. Rowe, executed and delivered to J. T. Mitchell, an officer of the defendant bank, their note for $1,600, due five years after date, and bearing six per cent interest. This note was secured by a first deed of trust on the aforesaid real estate. This interest was paid every year up to and including the year 1913, after which there was an endorsement without recourse by J. T. Mitchell. Then the interest payments were endorsed thereon for every year except the year 1917. The defendant, Bank of Centralia, was in possession of and owned the note.

On September 24, 1924, the plaintiff, E. G. Rowe, executed his individual note for $1,000, due one year after date; and this note was attempted to be secured by the maker by a second deed of trust

on the land aforesaid. This note was endorsed without recourse, and the bank was in possession of and owned this note. Defendant, Barrett, is the trustee named in the first deed of trust.

It appears that the bank advertised the land for sale under the first deed of trust. A notice was served claiming the funds, over and above the first deed of trust to the extent of $1,500, as exempt as proceeds of the homestead. After this was done, no sale took place. Then the defendants advertised the land for sale under the second deed of trust, on the 13th day of August, 1926, and under the first deed of trust the sale was set for August 14, 1926. After these sales were thus advertised the plaintiffs instituted this suit.

It appears that one W. T. Johnson, a friend of plaintiffs, agreed to advance an amount of money sufficient to pay the principal and interest on the note secured by the first deed of trust, the note to be delivered to him. This money was tendered the bank on the condition that it would endorse the note without recourse and deliver it to the plaintiffs. The bank refused to do this, but stated through its officers, that it would accept the amount of money so tendered, in payment of the note and interest, if it be permitted to cancel the note and satisfy the record as to the first deed of trust. Plaintiffs refused to do this, and brought this suit, asking for equitable relief. The plaintiff's wife did not join in the execution of the second note and deed of trust. The court, after hearing all the evidence, entered a decree requiring the bank to deposit said note with the clerk of the court, without cancelling the same, and without releasing of record the deed of trust securing the same. This deposit to be made for delivery within twenty days of date to the plaintiff, or any one whom plaintiff may designate in writing, upon the payment of the amount of said note and interest. The amount of money to be paid over to the bank upon the surrender of said note, and that if said money be paid the defendants were enjoined from foreclosing said deed of trust or negotiating the delivery or in any way disposing of said note.

The defendant contends that there is no authority in law to compel it to accept the amount due under the note and deed of trust, other than in payment and discharge thereof, and that plaintiffs have no legal or equitable right to compel the transfer, either by purchase or otherwise, of this note by paying the amount due thereon. This contention of defendant's, we think, must be upheld.

The evidence discloses that it was clearly the intention of Rowe to sell this note, secured by the first deed of trust, to his friend Johnson, and this information was in the possession of the bank and its officers. It is clear that Johnson was not giving Rowe this $1,800 as a gift, but was advancing this money on the condition that the note be transferred to him uncancelled. In other words, the effect of the decree of the court was to compel the bank to sell this note to Johnson, and

the bank cannot, in our opinion, be compelled to do so. All the parties to this transaction understand that Rowe was in reality trying to compel the bank to sell the note to his friend Johnson, or transfer it to him so that he might effect a sale thereof. It is unnecessary to determine in this proceeding whether or not this transaction, if carried out, would be a payment or a purchase. While Rowe, through his attorney was making the payment, it was in reality being made by Johnson. When a payment is made of a bill or a note after its maturity, by a stranger to the paper, it will generally be held to be a purchase and not a payment. [Kilkenny v. Kilkenny (Mo. App.), 279 S. W. 184; Prather v. Hairgrove, 214 Mo. 142, 112 S. W. 552; Bank v. Freund, 80 Mo. App. 657.]

It was the duty of the defendant upon the payment of this note to cancel it, and if the note and mortgage was paid off by Rowe unconditionally, such a transaction would have amounted to a payment whether the note was marked cancelled or not. However, plaintiff made no unconditional tender of payment; the tender was made upon the condition that the bank return the note uncancelled, so that it might be sold or transferred to Johnson, thus defeating any rights which the bank may have had by virtue of this first deed of trust. The condition interposed when the tender was made was a condition which Rowe had no right to enforce, for it was in effect, a condition requiring the bank to sell the note to one who had no interest in the property. The bank cannot be compelled to do this. [Williams v. Gottschalk, 6 Mo. App. 597.] The effect of the court's order and judgment was to compel the bank to sell the note, or attempt a sale, by requiring it to be delivered uncancelled to plaintiffs, or any one whom they might designate in writing, upon payment of the amount due thereon. For the reasons above stated, the judgment is reversed and the cause remanded. *Daues, P. J.*, and *Becker, J.*, concur.