WESLEY M. LORTZ and MARGUERITE LORTZ, Appellants, v. CLAUDE ESTELLE ROSE, WENONA MAE ROSE and THE FIRST NATIONAL BANK in Lamar.—145 S. W. (2d) 385.

Division One, December 11, 1940.

*R. A. Pearson* for appellants.

*Combs & Combs* and *E. L. Moore* for respondents.

DOUGLAS, J.—This is an action involving title to real estate. Plaintiffs sued to set aside a sheriff's deed to land in Barton County sold under execution to defendants, Rose. Plaintiffs included in their prayer a request for relief in that the court "adjudge and define the respective rights, titles and interests of the parties herein to said property."

Defendants admit they bought the land at the execution sale and deny plaintiffs' right to relief. At the time of the execution sale there was a deed of trust against the land which constituted a paramount lien. The sale under execution was subject to this lien. Later, after this action was begun, the deed of trust was foreclosed and these same defendants were the purchasers at the foreclosure sale. They set up their claim as the absolute owners of the land through their

purchase at the foreclosure sale and contend the question as to the validity of the execution sale is no longer in the case. By cross bill they ask affirmative relief to the effect the court should decree that title is in them and that plaintiffs have no right, title or interest in the land.

Plaintiffs, in reply, admit the foreclosure sale and the purchase of the land by defendants. They attempt to avoid the sale by a claim of tender of payment of the debt secured by the deed of trust. They plead: ". . . plaintiffs agreed with one, Workman, that he would take up the said indebtedness and note and pay same to the holder thereof the said mortgagee, and that he should have and hold the lien of the mortgage and be subrogated to same and the rights of mortgagee, and that prior to said mortgage sale said Workman tendered payment to said mortgage of said indebtedness in the presence of and with the consent of the mortgagors, but that said mortgagee refused said payment from said Workman, refused to turn the note to him or mortgagor but insisted on proceeding with the foreclosure, and did foreclose same, the said Workman was then and there and at all times up to said sale ready and willing to pay the amount of said debt and accrued costs."

To this reply defendants filed a motion for judgment on the pleadings which was sustained and judgment was entered decreeing that title to the land was vested in defendants and that plaintiffs have no right, title or interest in the land. Plaintiffs have appealed.

We are confronted, at the outset, with the question whether plaintiffs have pleaded a good and sufficient tender so as to present that issue properly. If so, the judgment rendered on the pleadings only was improper. Under somewhat similar facts the St. Louis Court of Appeals held that such a tender was not good in the case of Rowe v. Bank of Centralia, 221 Mo. App. 262, 2 S. W. (2d) 191. That was an action to enjoin a foreclosure of a deed of trust and to require the holder of the note secured by it to accept payment as tendered. The facts there showed that a friend of the plaintiff's agreed to advance an amount of money sufficient to pay the note in full. This money was tendered the holder of the note on condition that it endorse the note without recourse and deliver it to the plaintiff. The holder refused to do this but stated that it would accept the money so tendered in payment of the note if it be permitted to cancel the note and satisfy the record as to the deed of trust. The court found that this amounted to no more than a conditional tender, that the condition was one not legally enforcible, and therefore the tender constituted no defense. The decision is sound and is applicable here. We hold that the tender as pleaded in the reply was also conditional.

The law is well settled in this State that a conditional tender constitutes no valid defense to a foreclosure where the conditions are other than those which the mortgagee is under a legal duty to fulfill.

[Bridges v. Smith (Mo.), 213 S. W. 858; 41 C. J., Mortgages, sec. 926.] As a result the reply offers no defense to defend to defendants' cross-bill. In view of the admissions, in plaintiffs' reply, of the foreclosure sale and the purchase of the land by defendants, the defendants' cross-bill stands undenied. There is no charge of any fraudulent scheming or collusion between the holder of the note and defendants.

It is our view the parties by their actions and pleadings have, in effect, converted this action into one to quiet title and the question of the validity of the sale under execution has become moot. Certainly, if that question is not moot it has become immaterial under the circumstances and need not be considered for a court of equity will not do a useless thing. It has been held that a court will not exercise its equitable power to set aside an execution sale for no purpose as where the party seeking it would be in the same position after the sale as before it. [Oviatt v. Brown, 14 Ohio, 285.]

The purpose of a suit to quiet title is to determine the existing title. Any and all rights of any litigant in the land in controversy may be determined in one suit. [White v. Kentling, 345 Mo. 526, 134 S. W. (2d) 39.] A party therefore has the right to rely on title acquired after the commencement of the suit. [Barr v. Stone (Mo.), 242 S. W. 661.] Consequently, there can be no proper objection to the cross-bill filed in this case because it asks the affirmative relief set out. The parties interested in the land in controversy are before the court each asserting a right or interest in the land which is the subject matter of the suit. "Under such circumstances where (as here) the court has jurisdiction both of the parties and of the subject matter, it is the uniform tendency of the judiciary, in order to avoid circuity of action and a multiplicity of suits, to exercise and retain jurisdiction of the cause or proceeding until the rights of the parties in the subject matter of the cause or proceeding are fully adjudicated, and until full and complete relief is awarded, according to the rights of the parties as presented by the pleadings." [Jones v. Jones, 325 Mo. 1037, 30 S. W. (2d) 49.] That case was an action by plaintiff to be declared sole owner of land. Defendant filed a cross bill for partition. We found the crossbill was germane to plaintiff's petition and was available and cognizable as a proper pleading in such an action. So is the cross bill in this case. In following the rule that the scope and extent of the relief which the parties in this type of case may have shall be liberal and comprehensive we have held that defendants may properly make counter claims. [See Clark et al. v. Heckerman, 346 Mo. 458, 142 S. W. (2d) 35, and the cases cited therein.] Moreover, we find plaintiffs have waived any right to complain here that defendants' cross bill should have been stricken.

The ejectment cases cited by plaintiffs being possessory actions are not in point.

The judgment is affirmed. All concur.