## Krevolin *v.* Williams, Appellant.

Argued October 3, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD. JJ.

412

*Lewis Tanner Moore,* for appellant.

*Robert K. Greenfield,* for appellee.

OPINION BY ARNOLD, J., March 4, 1947:

A bill in equity [1] to obtain satisfaction of a mortgage was "consolidated" with an action [2] for a statutory penalty under the Act of 1715 for the failure to satisfy the same mortgage, by an order transferring the penalty action to the court that had the equity case. The result did not make for simplification of the confusing docket entries, pleadings, indexes and issues.

William Noren gave a mortgage to Williams (defendant and appellant in both actions) to secure $1800 payable "within five years [from February 15, 1941] . . . in monthly installments of eleven dollars . . . with interest . . ." Noren conveyed the premises, subject to the mortgage, to Krevolin (plaintiff and appellee in both actions).

---

[1] In C. P. No. 1 of Philadelphia County, in equity.

[2] In C. P. No. 6 of Philadelphia County, law side.

Before the expiration of the five year period Krevolin sought to secure satisfaction of the mortgage upon payment of the balance due, which he calculated to be $728.07. Williams, the mortgagee, would not agree to the calculation and also denied that the payments could be anticipated.

Krevolin (terre tenant) filed a bill in equity against the mortgagee, Williams (amended July 15, 1944) praying that the court (a) determine the balance unpaid, and (b) decree satisfaction upon plaintiff paying that sum. When the bill was filed the plaintiff was not entitled to satisfaction, for the mortgage had not been paid nor the balance due ascertained. The defendant was duly served, but entered no appearance and filed no answer, and the bill could have been taken pro confesso [3] at any time after September 6, 1944.

Negotiations were had between the respective attorneys and the amount due fixed at $758.07, and this amount was paid defendant's attorney on October 14, 1944, together with the costs of satisfaction. Williams refused to pay any attention to letters from his counsel and attempted to repudiate the arrangement. Plaintiff refused to accept the return of the money, claiming that the defendant was bound, and it remained in the hands of defendant's attorney only because neither his client nor the plaintiff would receive it. Krevolin was fully advised of the impasse. While it was his for the asking, the plaintiff made no move to secure satisfaction by decree under his bill, although that was the very purpose of filing it.

The Act of 1715 (21 P.S. 682) provides for a penalty against a mortgagee who fails to satisfy a mortgage within three months after payment. The plaintiff, by thus allowing the equity action to remain dormant, claimed to be entitled to the penalty under the Act of 1715, and brought an action of assumpsit therefor on

---

[3] Equity Rule 50.

May 9, 1945 (in C. P. No. 6) before any decree in the equity case.

The penal action having been brought, the plaintiff then took the bill pro confesso, by præcipe, on July 23, 1945, having previously filed and served a "supplemental" bill averring the agreement between the attorneys, and the payment to defendant's attorney of the $758.07 on October 14, 1944, and averring it was "a compromise settlement of their disputes as to the amount due."

On August 9, 1945, plaintiff entered a default judgment in the penal action for want of an appearance, and on August 20 issued a writ of inquiry for a sheriff's jury, which assessed damages (the penalty) at $955.00 on September 4, 1945. On this judgment plaintiff issued an attachment execution naming defendant's attorney as garnishee, and seizing the money paid by plaintiff which both the plaintiff and defendant had refused to accept.

The defendant through other counsel petitioned (a) to open the judgment pro confesso, and (b), (in the other court) to open the default judgment. After depositions the court refused relief and defendant appealed.

This is the record the like of which, we hope, will be rarely seen again.

As to the bill in equity the defendant had a legitimate legal question to raise: Was the plaintiff entitled to anticipate the payment of the mortgage before five years had passed, or could the mortgagee refuse to accept more on account than $11.00 each month, until sixty such payments had been made? This question is not answered in *Petition of Charles J. Hofmann*, 14 W. N. C. 563 (C. P.) which only held that a mortgagor may anticipate payment of a mortgage payable "within" a definite time. The present mortgage was payable in definite monthly installments for five years, although the sixty installments would not pay the just sum thereof. It is unnecessary to determine that question here for we are

convinced that defendant showed no reason for not having it adjudicated if he so desired, and furnished no excuse for his disregard of the litigation. The court was right in refusing to open the pro confesso decree and in entering the final decree. After the final decree on January 21, 1946, under threat of attachment defendant satisfied the mortgage some time prior to January 28.

As to the action for the penalty, the court erred in failing to open the judgment of $955.00 entered on the assessment by the sheriff's jury in the penal action. The proceedings do not sustain the judgment.

The Act of 1715, §§ 9 and 10 (21 P.S. 681 and 682) reads: "Any mortgagee of any real . . . estates . . . *having received full satisfaction and payment* of all such . . . sums of money as are really due to him by such mortgage, shall, at the request of the mortgagor, enter satisfaction . . . [10] If such mortgagee . . . shall not, within three months after request and tender . . . for his reasonable charges . . . make . . . [satisfaction] as aforesaid, he, . . . neglecting so to do, shall for every such offense *forfeit and pay,* unto the party . . . aggrieved, *any* sum not exceeding the mortgage money, to *be recovered in any court of record . . . by bill, plaint or information."* (Emphasis supplied.) This provides a *statutory* penalty or forfeiture to be recovered in a court of record.

The Act of 1806, §13, (46 P.S. 156) reads: "In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act . . . of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, *and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law,* in such cases, *further than shall be necessary for carrying such act . . .* into effect." (Emphasis supplied.)

The amount of the penalty is not fixed by statute (except as to its top limit), but is to be determined in

the court of record. The writ of inquiry to assess dam-ages is a common law writ to be used in a common law action. The Act of 1806 expressly states that *"no penalty shall be inflicted,* or *anything* done agreeably to . . . the common law [in recovering a statutory penalty] . . . *further than shall be necessary* for carrying such act into effect." (Emphasis supplied.) To fix the amount of the penalty it was not necessary to use the common law writ of inquiry. The penalty could and should have been assessed by a jury under the required instructions of the court. Such writ is not available in an action for a statutory penalty. See *Derry Township School District v. Barnett Coal Company et al.,* 332 Pa. 174, 2 A. 2d 758; *Stetson's Estate,* 305 Pa. 62, 155 A. 856; *Maurer v. Brennan,* 58 Pa. Superior Ct. 587.

In both *Werner et ux. v. Automobile Finance Company,* 347 Pa. 217, 31 A. 2d 898, and in *Specktor v. Specktor et al.,* 158 Pa. Superior Ct. 323, 44 A. 2d 767, it is emphasized that the jury must be instructed that the penalty found shall bear a proper relation to the circum-stances and condition surrounding the neglect to satisfy, and that the penalty cannot be capriciously or arbi-trarily imposed. The impropriety of fixing the penalty without guidance of a trial judge is illustrated in this case. Here the mortgage money was $1800, the amount unpaid was only $758.07, but the penalty or forfeiture was fixed at $955, which is more than 50% of the face of the mortgage and more than 125% of the amount paid to obtain satisfaction. The usual generosity of sheriffs' juries [4] is recognized by Rule 1047 of Pa. R. C. P., which provides that where an interlocutory judgment is en-

---

[4] Experience recalls with a faint nostalgia, the cozy air of friend-liness and good cheer which pervades proceedings before a sheriff's jury; with the inevitable geniality of counsel when the defendant is unrepresented. Still it is, that its carefree, hopeful atmosphere must be something less, however slight, than the cold neutrality of an im-partial judge, whose innate generosity is suspended, as it were, pendente lite.

tered by default in trespass actions, the damages are to be fixed by a court and jury, but the interlocutory default judgment fixes liability.

Although the judgment of the court below must be reversed, i. e., opened, it would seem that on a retrial the plaintiff cannot recover. When the plaintiff filed his bill in equity to secure satisfaction, no penalty under the Act of 1715 could be assessed because the mortgage, even on plaintiff's contentions, had not been paid. The defendant always had a reasonable and proper question to adjudicate, i. e., the right to anticipate payment during the first five years. When the alleged settlement was made between the parties' attorneys, this was either a settlement of the equity litigation, in which event the bill should have been discontinued, (but was not), or it was an agreement settling the two issues in the equity action, i. e., the amount unpaid and the right to anticipate payment. The plaintiff elected to stand on the latter, averring it was a compromise settlement of their disputes. Therefore, since the plaintiff treated the issues in the equity case as determined by the parties themselves, and did not stand on the litigation being settled and discontinued, the plaintiff had to pursue his remedy under the bill. In addition, the plaintiff could not, by his own act in not taking the bill pro confesso (which he subsequently did), allow the three months fixed by the Act of 1715 to pass away. It may also be questioned whether the defendant's attorney was a competent witness to the confidential communications between him and his client relating to authorization to settle, etc. See §5, cl. [d] of the Act of 1887, P. L. 158 (28 P.S. 321).

In No. 1673 June Term, 1944, Court of Common Pleas No. 6 of Philadelphia County, in equity, the judgment and order are affirmed at the cost of the appellant.

In No. 2821 March Term, 1945, Court of Common Pleas No. 1 of Philadelphia County, the order is reversed with a procedendo.