No. 37,980

ROMAN G. WENINGER, *Appellee*, v. FIRST NATIONAL BANK, a
Corporation, Mt. Hope, Kansas, *Appellant*.

(223 P. 2d 716)

Opinion filed November 10, 1950.

*J. Paul Jorgensen*, of Wichita, argued the cause, and *H. C. Castor, J. H. Fugate* and *J. C. Castor*, all of Wichita, were with him on the briefs for the appellant.

*Robert R. Hasty*, of Wichita, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order overruling the defendant's demurrer to plaintiff's amended petition in an action for damages allegedly sustained on account of the refusal of defendant to release a mortagage on real estate. While the question before us, strictly speaking, is the correctness of the lower court's ruling on the demurrer, yet the basic question concerns the duty of defendant bank to release the mortgage under the facts and circumstances hereinafter related.

The parties will be referred to as in the court below, and a brief summary of the allegations of plaintiff's amended petition is as follows:

One Isaac March, a resident of Sedgwick county, died intestate on February 1, 1930. At the time of his death he was the owner of 320 acres of Sedgwick county real estate. J. R. March, a son, was one of his heirs-at-law. On August 19, 1933, J. R. March and his wife Ethel signed, executed and delivered to defendant bank their note

in the amount of $285, secured by a mortgage on "our undivided interest" in the 320 acres in question. This mortgage was duly filed of record September 29, 1933. During the administration of the Isaac March estate it became necessary to sell this real estate for the payment of debts, and a proceeding for that purpose was had in the probate court of Sedgwick county, the validity and regularity of which are not in question. Plaintiff purchased this real estate in the probate court proceeding and received an administrator's deed under date of August 26, 1936. This deed was duly filed of record on October 29, 1936.

On February 20, 1948, plaintiff entered into a written contract for the sale of the property to Howard Bridgman and his wife Alice. Among other things the contract provided that plaintiff was to furnish the Bridgmans an abstract of title "showing a good, merchantable title, clear and unincumbered from clouds of every kind whatsoever." When the Bridgmans submitted the abstract of title to their attorneys for examination they were advised that the mortgage to defendant bank, heretofore referred to, should be released of record. There was some discussion of the matter between the Bridgmans and plaintiff. Defendant bank refused to comply with plaintiff's demands that it release the mortgage unless the latter would pay the indebtedness which the mortgage was given to secure, but later agreed to release it provided plaintiff would pay the sum of $75. Plaintiff refused to make either of these payments and the matter dragged along. Finally, it is alleged, the Bridgmans effected a settlement of their own with the bank, whereupon the sale between plaintiff and the Bridgmans was completed.

Plaintiff's action is for actual damages in the amount of $1,128.98, on account of expense incurred by him during the negotiations with defendant bank, attorney fees, loss of interest during such interim on the balance of the unpaid purchase price and loss of time. He also seeks punitive damages in the amount of $10,000.

Defendant's demurrer was based upon three grounds—(1) that the amended petition did not state facts sufficient to constitute a cause of action, (2) that it contained admissions showing that any action which plaintiff could or might have had was barred by laches, and (3) that from the admissions contained therein plaintiff was estopped from recovering any damages either in equity or in law for any alleged wrongful acts of defendant.

While various arguments are made by each of the parties, we think

the real solution of this question is to be found in our statute, G. S. 1935, 67-309, which in part provides:

"When any mortgage of real estate shall be paid, or when a mortgage shall be recorded in the office of the register of deeds, covering real property in which the mortgagor has no interest, it shall be the duty of the mortgagee or his assignee within sixty days after demand, . . . to enter satisfaction or cause satisfaction of such mortgage to be entered of record without charge; . . ."

From this provision it is clear that a mortgagee's duty to release a mortgage arises only when one of the two specified conditions exists, namely, when the mortgage is paid, or when the mortgage covers real property in which the mortgagor had no interest.

Nowhere in the amended petition is it alleged that this mortgage had been paid, and in fact its allegations inferentially admit that it had not been paid.

Plaintiff concedes, and the amended petition so alleges, that as of the date of the mortgage the mortgagor, J. R. March, had an "interest" in the real estate in question—subject, however, to its sale for the payment of debts of the estate.

Notwithstanding the fact that any lien which defendant bank might have had by virtue of its mortgage was effectually extinguished by the administrator's sale of the property to plaintiff in the probate court proceeding, we fail to discover any duty on the part of the bank to release the mortgage under the existing circumstances. It is not alleged the mortgage debt had been paid and it is admitted that the mortgagor had an "interest" in the property at the time the mortgage was given. The most that can be said is that defendant bank simply refused to release a mortgage which it had no statutory or contractual duty to release. Such being the case it becomes unnecessary to take up and discuss plaintiff's arguments with reference to the actions of defendant amounting to a wrongful interference with a contract of sale. For the reasons stated we think the amended petition failed to state a cause of action and that the demurrer should have been sustained.

Plaintiff has filed a motion to strike portions of the abstract filed by defendant (appellant) in this appeal. We have examined this question and find the motion to be without substantial merit, and it is therefore denied.

From what has been said it therefore follows that the judgment of the lower court is reversed with directions to sustain the demurrer to the amended petition.