**Coleman E. Perkins and Ruby C. Perkins v. Factory Point National Bank**

[409 A.2d 578]

No. 282-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Smith & Harlow*, Rutland, for Plaintiffs.

*J. Eric Anderson* of *Fitts & Olson*, Brattleboro, for Defendant.

Daley, J. This is a civil action seeking damages for failure to discharge a mortgage under 27 V.S.A. § 464, which states:

> After performance of the condition, either before or after the breach thereof, if a mortgagee, assignee or the executor or administrator of either, fails to execute a discharge mentioned in sections 461–463 of this title within ten days after being requested to do so and after a tender of his reasonable charges, or to make, execute and acknowledge a deed of release of the mortgage, he shall be liable for damages occasioned thereby to be recovered in an action of tort on this statute. Such mortgagor, his heirs, executors, administrators or assigns may have such further relief in a superior court as is just.

Trial by jury resulted in a verdict for the plaintiffs. In its appeal, defendant bank assigns the following errors: (1) the denial of its motion to dismiss for failure to state a claim upon which relief could be granted, V.R.C.P. 12(b)(6); (2) the denial of its motions for directed verdict, both at the end of plaintiffs' case and at the close of all the evidence, V.R.C.P. 50(a); (3) the denial of its motion for judgment notwithstanding the verdict, V.R.C.P. 50(b); and (4) the trial court's refusal to give certain jury instructions requested by the plaintiffs. In our opinion, the denial of defendant's motions for directed verdict and for judgment notwithstanding the

verdict was reversible error, and therefore we do not reach the remaining claims of error.

■ A motion for judgment notwithstanding the verdict raises substantially the same legal questions that a motion for directed verdict raises, and therefore the two motions are treated alike.

> The legal problem is whether the evidence considered in its most favorable aspect to the verdict establishes a cause of action in the plaintiff. Eliminating considerations of weight, credibility and conflicting inferences, the question is whether the result reached by the jury is sound in law on the evidence produced.

*Bachli* v. *Holt,* 124 Vt. 159, 163, 200 A.2d 263, 266 (1964).

The plaintiffs' evidence showed that they owned certain real estate in the Town of Manchester, which they wished to sell, that was subject to a mortgage held by the defendant. The plaintiffs' prospective purchasers obtained a commitment letter for a purchase money loan from the defendant. The closing was tentatively scheduled for November, 1974, but it was delayed because the buyers' attorney detected defects in plaintiffs' title. Although the defendant did not cause the defects, the plaintiffs believed action by the defendant was required to cure them, and therefore they forwarded corrective documents to the defendant for execution and approval. Plaintiffs telephoned defendant's president several times to request that the bank execute the necessary documents, and defendant's president assured plaintiffs that the matter would be resolved promptly. The bank, however, never executed the corrective documents. Because title was uncertain, the closing was delayed until July, 1975, when the buyers decided to risk taking title without the bank's corrections. It is undisputed, however, that when the sale was finally closed and the plaintiffs paid cash on the outstanding mortgage debt, defendant promptly discharged the mortgage.

Plaintiffs claim that they tendered performance of the condition of their mortgage within the meaning of § 464 by arranging the sale in which defendant was committed to make a loan to plaintiffs' buyers, since defendant could apply part of the loan to satisfy plaintiffs' debt. Plaintiffs further

claim that defendant owed plaintiffs a contractual duty of good faith cooperation under their mortgage, which obligated defendant to take affirmative steps to execute the corrective documents. Defendant's failure to take such action, according to plaintiffs, excused their actual performance of the mortgage condition, and constituted a failure to discharge a mortgage under the statute, thereby entitling them to damages for the eight-month delay in closing.

Section 464 of Title 27, like similar statutes elsewhere, is penal in nature, and therefore it must be strictly construed. *Fallon* v. *Hackney*, 272 Ala. 17, 18, 130 So. 2d 52, 53 (1961); *Mr. U Inc.* v. *Mobil Oil Corp.*, 197 Neb. 612, 619, 249 N.W.2d 909, 913 (1977); *Walker* v. *Dugger*, 371 P.2d 910, 913 (Okla. 1962); *Shibata* v. *Bear River State Bank*, 115 Utah 395, 403, 205 P.2d 251, 254 (1949); Annot., 56 A.L.R. 335, 336 (1928); see *Guild* v. *Prentis*, 83 Vt. 212, 216, 74 A. 1115, 1117, 1912A Ann. Cas. 313, 315 (1910). In order to recover damages under § 464, plaintiff has the burden of showing: (1) payment of the entire debt secured, and full performance of whatever other conditions are specified in the mortgage deed, if any, *Fallon* v. *Hackney, supra,* 272 Ala. at 18, 130 So. 2d at 54; *Weninger* v. *First National Bank,* 170 Kan. 83, 85, 223 P.2d 716, 717 (1950); *Mr. U Inc.* v. *Mobil Oil Corp., supra,* 197 Neb. at 619, 249 N.W.2d at 913; *Stovall* v. *Liberty Plan of America, Inc.,* 414 P.2d 242, 249 (Okla. 1966); *Krevolin* v. *Williams,* 160 Pa. Super. 411, 417, 51 A.2d 422, 425 (1947); (2) a request to the mortgagee to discharge the mortgage, which has not been complied with within ten days, see Annot., 56 A.L.R. 335, 337 (1928); and (3) tender to the mortgagee of its reasonable expenses in connection with discharging the mortgage, *Walker* v. *Dugger, supra,* 371 P.2d at 913. Furthermore, since the mortgagee has no duty to discharge the mortgage so long as the mortgage debt remains unpaid, *Mr. U Inc.* v. *Mobil Oil Corp., supra,* 197 Neb. at 619, 249 N.W.2d at 913, the request for a discharge and the tender of expenses must be made after, or at the same time as, the satisfaction of the mortgage condition. *Stovall* v. *Liberty Plan of America, Inc., supra,* 414 P.2d at 249.

■ In this case, plaintiffs did not actually pay the mortgage debt until July, 1975, and therefore the bank had no duty to discharge until that date. As noted above, however, plaintiffs claim that at an earlier time they tendered performance by arranging the sale. Whether a valid *tender* of payment, as opposed to actual payment, is sufficient to give rise to liability under § 464 is a question we need not address here, however, because plaintiffs have not made a valid tender in this case.

The tender made here is like the tender made in *Trudeau* v. *Lussier,* 123 Vt. 358, 189 A.2d 529, 10 A.L.R.3d 1188 (1963). *Trudeau* was an equitable suit to enjoin an action at law on two promissory notes, one of which was secured by a mortgage on plaintiff's Island Pond property. The plaintiff claimed tender of the secured debt in that he had interested a prospective buyer in purchasing the Island Pond property for a price in excess of the mortgage debt, which the mortgagee had agreed to apply towards the debt. The mortgagee, however, was late to the closing, and the buyer changed his mind and backed out of the sale. This Court rejected plaintiff's claim, stating: "The proposed method of payment which the plaintiffs had worked out was conditioned on a completed sale. A tender, to be effective, must be without conditions. *Holton* v. *Brown,* 18 Vt. 224, 226." *Id.* at 360, 189 A.2d at 532, 10 A.L.R.3d at 1193; accord, *Lortz* v. *Rose,* 346 Mo. 1212, 1215, 145 S.W.2d 385, 387 (1940) ; *Mr. U Inc.* v. *Mobil Oil Corp., supra,* 197 Neb. at 617, 249 N.W.2d at 912.

■ The tender in this case clearly was conditional. The plaintiffs, as co-makers of the mortgage note, had the sole legal obligation to satisfy the debt, but they did not do so. There was no evidence that the prospective purchasers were assuming the plaintiffs' obligation on the note, and thereby binding themselves to pay the debt. Furthermore, because of questions as to the marketability of the title, there were doubts as to whether the sale would go through. Contrary to plaintiffs' argument, it was not the bank's duty to produce marketable title; that duty rested squarely on the plaintiffs as vendors. See *First National Bank* v. *Laperle,* 117 Vt. 144, 157, 86 A.2d 635, 643, 30 A.L.R.2d 958, 971 (1952). There is no good faith duty to cooperate in attaining a result that the defendant had no statutory or contractual duty to attain.

To impose liability upon the defendant, the plaintiffs were required to present evidence of actual compliance with all three conditions precedent of the statute. Here, we have examined payment, and found that plaintiffs have not met their burden on this essential element. Although this alone is sufficient to preclude recovery, we note in passing that plaintiffs also failed to introduce any evidence of tender of reasonable charges to the mortgagee. Therefore, they have not made out a cause of action under 27 V.S.A. § 464, and the defendant's motions for directed verdict and for judgment notwithstanding the verdict should have been granted as a matter of law.

*Judgment vacated. Judgment entered for defendant.*