No. 19,572.

G. H. LIVICK, *Appellee,* v. THE PIQUA STATE BANK, *Appellant.*

### SYLLABUS BY THE COURT.

MORTGAGES—*Refusal to Enter Satisfaction of Record—Statutory Damages—Not a Penalty—Statute Constitutional.* The provisions of section 5202 of the General Statutes of 1909 authorizing a mortgagor to recover from the mortgagee $100 damages for refusing to enter satisfaction of a real-estate mortgage is not in conflict with section 6 of article 6 of the constitution, which declares that the proceeds of fines for any breach of the penal laws shall be exclusively applied to the support of common schools.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed June 12, 1915. Affirmed.

*George R. Stephenson,* of Yates Center, and *F. J. Oyler,* of Iola, for the appellant.

*G. H. Lamb* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered

PORTER, J.: Plaintiff sued and recovered judgment against the bank for $100 damages and $25 attorney's fees under the provisions of section 5202 of the General Statutes of 1909, based upon the refusal of the bank to enter satisfaction of a mortgage upon real property.

The defendant's appeal involves but a single question. The defendant claims that the provision of this section of the statute which authorizes the mortgagor to recover from the mortgagee $100 damages and a reasonable attorney's fee is unconstitutional. It is insisted that the statute is in conflict with section 6 of article 6 of the constitution, which provides that "the proceeds of fines for any breach of the penal laws, shall be exclusively applied in the several counties in which the money is paid or fines collected, to the support of common schools." The defendant relies upon the case of *A. T. & S. F. Rld. Co. v. The State,* 22 Kan. 1, where an act of the legislature giving to

an informer, who has sustained no loss, one-half of the proceeds of the penalty recovered against a railway company for violating a statute requiring railroad companies to ring a bell or sound a whistle at each crossing of every traveled public road or street was held to conflict with this provision of the constitution. The judgment provided that one-half thereof was to be paid to Sanders (who sued in the name of the state), and the other half to the school fund of the county. It was said in the syllabus:

"All the proceeds of penalties imposed as punishment for a breach of a penal statute (and not imposed as damages where loss has been sustained) must 'be exclusively applied to the support of common schools.'"

The defendant argues that the statute must be construed by its effect and not by the name which the legislature gives to it, and that the ruling in *A. T. & S. F. Rld. Co. v. The State,* supra, means that where no actual loss has been sustained the recovery is a fine, and that the statute in question here in terms authorizes the mortgagor to recover $100 regardless of whether he has in fact sustained a cent of damages. There is nothing in the case to uphold the defendant's contention. The opinion recognized the clear distinction between "penal laws," in which the penalty is imposed as a punishment, and laws where the penalty is intended as compensation for loss or damages sustained. Justice Valentine, speaking for the court, used this language:

"The words 'penal laws,' as used in the constitution, evidently mean laws for the breach of which a penalty is imposed, and if this penalty is imposed merely as punishment, the penalty is a fine. The legislature may give damages wherever loss has been sustained. It may even give enhanced damages, double damages, treble damages; exemplary damages, and remote as well as proximate damages, but these are all damages because of loss sustained, and not merely punishment for some breach of the penal laws. It has often been questioned, however, whether the legislature could give as damages more than mere compensation for the loss sustained. If it were a new question, the courts would probably at the present day hold that the legislature could not do so. The legislature may also give costs, such as officer's fees, witness fees, attorney's fees, etc.; but these are also given as compensation for loss. The legislature may also give interest, or enhanced damages or penalties, in the nature of interest; but this is also done upon the principle of giving compensation for loss." (p. 15.)

The statute in question, or one substantially the same, has been in the laws of Kansas since the Bogus Statutes of 1855.

The first provision was for a forfeiture to the aggrieved party of ten per cent upon the amount of the mortgage. (Stat. Kan. Territory, 1855, ch. 114, § 23.) In 1862 the statute was changed and practically the same provision of the present statute was adopted making the mortgagee liable to the mortgagor or his grantee or heirs in the sum of $100. (Comp. Laws, 1862, ch. 151, § 3.) The present statute has been in existence since 1889. (Laws 1889, ch. 175, § 1, Gen. Stat. 1909, § 5202.) The statute is not open to the same objection that was raised against the act under consideration in *A. T. & S. F. Rld. Co. v. The State,* 22 Kan. 1. There the statute provided that any informer could recover. Here the right of recovery is limited to those who it is presumed have sustained damages by the negligence of the mortgagee to satisfy the mortgage.

In *Tucker v. Railway Co.,* 82 Kan. 222, 108 Pac. 89, the court had under consideration the provisions of an act to establish maximum rates for transporting crude oil and forbidding rebates and providing penalties for its violation. (Laws 1905, ch. 353, Gen. Stat. 1909, §§ 7163-7165.) The same contention was made there, that the provision of the act making the railway company guilty of a violation liable to any person injured thereby in the sum of $500 as liquidated damages. The act made the giving of rebates a misdemeanor punishable by fine and imprisonment, but it was ruled in that case:

"The damages recoverable by an aggrieved shipper under the act referred to do not constitute a fine for the breach of a penal law, which must go to the school fund under section 6 of article 6 of the constitution." (Syl. ¶ 2.)

It follows that the judgment will be affirmed.