No. 21,928.

## J. E. MATHEWS, *Appellant,* v. THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. MORTGAGE—*Payment—Refusal to Cancel—Damages—Statutes Remedial.* The statute authorizing recovery of statutory damages, additional damages, and an attorney fee, and removal of the cloud on the mortgagor's title, resulting from wrongful refusal of a mortgagee, on payment of his mortgage and demand, to enter satisfaction of record (Gen. Stat. 1915, §§ 6471, 6473), is remedial, and not penal.

2. SAME—*Tender of Payment Wrongfully Refused—Mortgagor Entitled to Release.* Actual receipt of payment by the mortgagee is not essential. Tender by the mortgagor, wrongfully refused, entitles him to a release of the mortgage, and, after demand, to invoke the statutory remedies.

3. SAME—*Action for Statutory Relief—Sufficient Petition.* A petition for relief pursuant to the statute examined, and held to state a cause of action.

4. SAME—*Mortgagee a Nonresident—Action Maintainable.* The action may be maintained in this state against a nonresident.

Appeal from Jackson district court; FRED T. WOODBURN, judge. Opinion filed February 8, 1919. Reversed.

*Eugene S. Quinton,* of Topeka, *Guy L. Hursh,* and *E. R. Sloan,* both of Holton, for the appellant.

*T. F. Garver,* of Topeka, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a mortgagor for statutory relief against a mortgagee because of a refusal of the mortgagee to release the mortgage of record. A demurrer was sustained to the petition, and the plaintiff appeals.

The statute involved reads as follows:

"When any mortgage of real estate shall be paid, or when a mortgage shall be recorded in the office of the register of deeds, covering real property in which the mortgagor has no interest, it shall be the duty of the mortgagee or his assignee within sixty days after demand, in case demand can be made, by the mortgagor, his heirs or assigns, or by any one acting for such mortgagor, his heirs or assigns, to enter satisfaction or cause satisfaction of such mortgage to be entered of record with-

out charge; and any mortgagee or assignee of such mortgagee who shall refuse or neglect to enter satisfaction of such mortgage as is provided by this act shall be liable in damages to such mortgagor, or his grantee or heirs, in the sum of one hundred dollars, together with a reasonable attorney's fee for preparing and prosecuting such suit; and the plaintiff in such action may recover any additional damages that the evidence in the case will warrant. Civil actions may be brought under this act before any court of competent jurisdiction, and attachments may be had as in other cases.

"That in any action commenced in the district court to recover damages under the provisions of this act, the plaintiff may unite with such claim a cause of action to cancel the mortgage and remove the cloud from the title; and if plaintiff recovers damages in such action, he shall be entitled to a further judgment canceling such mortgage and quieting the title to the mortgaged premises; and where personal service of summons cannot be had on the defendant or defendants within this state, judgment canceling such mortgage may be rendered in the action upon proof of due service by publication, or upon due personal service obtained out of this state." (Gen. Stat. 1915, §§ 6471, 6473.)

The petition alleged that the mortgagor, by contract with the mortgagee, had the privilege of paying the debt before its stated maturity, in the event he sold the property to a purchaser who declined to assume the mortgage; that he sold the property free of encumbrance to such a purchaser; that he tendered the amount of the debt to the mortgagee, in order that he might consummate the sale and convey the property free of encumbrance; but that the tender was refused, and due demand for release of the mortgage was not complied with. The plaintiff offered to pay into court the amount of the tender, and claimed the statutory damages and an attorney fee. A second cause of action incorporated the foregoing facts, and alleged that because of the wrongful conduct of the mortgagee, consummation of the sale had been prevented, the plaintiff's title was clouded by the unreleased mortgage, and the plaintiff sustained additional damages. The prayer was for statutory damages, for additional damages, for an attorney fee, and for cancellation of the mortgage.

The action of the district court in sustaining the demurrer appears to have been the result of a strict interpretation of the statute. It seems to have been held that the statute is penal; that because the statute is penal, nothing but payment actually received by the mortgagee will make the prescribed remedies available to the mortgagor; and that because in this instance

the mortgagee has not yet come into possession of the money tendered him, he has not yet incurred the penalties imposed by the statute.

The statute is purely remedial, as disinguished from penal. While it is sufficiently stern to make release of a satisfied mortgage worth while, there is nothing vindictive about it, and the purpose was, not to punish the mortgagee, but to afford redress to the mortgagor. The provisions relating to procedure are clearly remedial; so are the provisions for removal of the cloud on the mortgagor's title, for recovery of an attorney fee, and for recovery of damages additional to the statutory damages. The sum of one hundred dollars which the mortgagor is permitted to recover is expressly classified as damages, and the court has already indicated its view that such sum is to be regarded as compensation, and not as a penalty. (*Livick v. Bank,* 96 Kan. 5, 149 Pac. 676.) A mortgagor, having the right to pay off his mortgage and endeavoring to do so, cannot compel the mortgagee to take the money. All the mortgagor can do is to tender the amount he owes. Having done this, he is entitled to have the mortgage released, and the purpose of the statute is to afford full relief to a mortgagor in any case of wrongful refusal of the mortgagee to enter satisfaction of the mortgage.

The defendant makes an argument to this effect: The petition alleged that the land was sold. It also alleged that consummation of the sale was prevented by the conduct of the defendant. A sale involves transfer of title. If a sale were not consummated, the plaintiff had no right to pay off the mortgage. If a sale were consummated, the statutory remedy vested in the purchaser. It is not likely the district court was sympathetically impressed by this dog-in-the-manger attitude of the defendant. The very situation arose which was contemplated by the contract permitting the mortgagor to pay before maturity, and the defendant cannot deny that a sale was made, the consummation of which the defendant itself prevented by refusing to accept the tender.

The petition alleged that the defendant is a corporation organized under the laws of the state of Ohio, and is without authority to conduct the business of loaning money in Kansas. Presumably the statutory demand was made in Ohio. The de-

fendant argues that it cannot be penalized by a statute of this state for nonaction in Ohio, in respect to a demand made there. The argument is fortified by a decision of the supreme court of South Dakota in the case of *Jones v. Fidelity Loan & Trust Co.*, 7 S. Dak. 122. As already indicated, the statute is not penal, and the principle that penal statutes are without extra-territorial effect does not apply. Besides this, the defendant's contumacy did not consist simply in ignoring in Ohio a notification received there. It consisted in not performing, in Jackson county, Kansas, an act pertaining to a privilege which the defendant had enjoyed there, and pertaining to a condition existing there for which the defendant was responsible. The subject was clearly within legislative cognizance. The remedies are all exercisable in this state, and in this instance are invoked in this state. Consequently, the defendant cannot complain that either the legislature or the plaintiff is out of bounds.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer.