No. 22,843.

J. E. MATHEWS, *Appellant*, v. THE UNION CENTRAL LIFE INSURANCE COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

1. NOTE AND MORTGAGE—*Payment in Full to be Accepted before Maturity of Note on Certain Conditions—Conditions Arose—Tender of Payment Refused—Mortgagor Entitled to Release of Mortgage.* A note, secured by a mortgage on real property, contained the following:

   "In the event that the land is sold after three years from date by *bona fide* sale, full payment plus two months additional interest will be accepted, provided the purchaser will neither assume nor agree to a reconstruction of the mortgage contract, evidence of which is to be furnished to the satisfaction of the company."

   The property was sold, but the purchaser would not assume the mortgage nor agree to a reconstruction of the mortgage contract. The defendant stated that a sale meant actual transfer of the property and requested evidence of "the *bona fide* nature of the sale and the consummation of the deal" before it would accept payment of the mortgage and release it. The defendant had letters from the mortgagor that he had sold the land and from the purchaser that he had bought it. *Held*, that the defendant was not entitled to evidence to show that the deed had been delivered and the deal consummated before receiving payment of the note and releasing the mortgage.

2. SAME—*No Variance Between Petition and Proof.* The variance between the petition and proof was immaterial.

3. SAME—*Sufficient Tender of Payment Made.* A sufficient tender of payment of a real-estate mortgage is made by the purchaser of the land under the circumstances described in the first paragraph of this syllabus where the tender is made for the mortgagor and at his request.

Appeal from Jackson district court; OTIS E. HUNGATE, judge *pro tem*. Opinion filed November 6, 1920. Reversed.

*Eugene S. Quinton*, of Topeka, *Guy L. Hursh*, and *E. R. Sloan*, both of Holton, for the appellant.

*A. E. Crane*, of Topeka, and *T. F. Garver*, of Fort Worth, Tex., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to recover damages from the defendant for its failure to release a real-estate mortgage. Judgment was rendered in favor of the defendant on a demurrer to the evidence of the plaintiff. The plaintiff appeals.

This is the second time this action has been before this court. (*Mathews v. Insurance Co.*, 104 Kan. 254, 178 Pac. 609.) In the former appeal a demurrer to the plaintiff's petition had been sustained. The plaintiff appealed, and the judgment was reversed. We quote from that opinion:

"The petition alleged that the mortgagor, by contract with the mortgagee, had the privilege of paying the debt before its stated maturity, in the event he sold the property to a purchaser who declined to assume the mortgage; that he sold the property free of encumbrance to such a purchaser; that he tendered the amount of the debt to the mortgagee, in order that he might consummate the sale and convey the property free of encumbrance; but that the tender was refused, and due demand for release of the mortgage was not complied with." (p. 255.)

The insurance company filed an application for rehearing, which was denied. (*Mathews v. Insurance Co.*, 104 Kan. 540, 179 Pac. 974.)

Mathews owned real property in Jackson county. He gave a mortgage to the defendant to secure the payment of a note for $7,000. The note contained the following:

"In the event that the land is sold after three years from date by *bona fide* sale, full payment plus two months additional interest will be accepted, provided the purchaser will neither assume nor agree to a reconstruction of the mortgage contract, evidence of which is to be furnished to the satisfaction of the company."

The note was dated January 1, 1914. The transactions out of which this action grew occurred more than three years after that date. The plaintiff sold the land to William L. Sconce for $17,000 cash, the land to be free and clear of all encumbrances. Sconce refused to assume the mortgage or to agree to a reconstruction of the mortgage contract. Satisfactory evidence of that refusal was furnished to the defendant. The interest

Mathews v. Insurance Co.

due on the note April 1, 1917, was paid in March, 1917, through L. C. Burns, president of the Hoyt State Bank. In the letter transmitting the interest to the defendant, L. C. Burns, for the plaintiff, wrote, "I will send you a draft for $7,000.00 this week to pay the loan in full." To that letter the defendant, on March 22, 1917, replied:

"I have your letter of the 19th inst., enclosing draft in the amount of $420.00, in payment of interest due April 1st, 1917, under above numbered loan. I note that you are about to mail draft for $7,000.00 in full payment of this loan. In view of the fact that the loan will not mature until January 1st, 1924, and under its terms, neither due nor payable at this time, I will be compelled to decline a remittance tendered in full payment."

On March 23, 1917, a draft for $7,000 was remitted to the defendant by L. C. Burns for the plaintiff. That draft was returned on March 26, 1917. The letter returning the draft contained the following: "For reasons assigned in my letter of the 22d inst., I return your draft herewith." The plaintiff on March 29, 1917, wrote the defendant and informed it that he had sold the land, that he had a letter under date of January 10, 1914, stating that the plaintiff had the privilege of paying the note prior to maturity, in accordance with certain stipulations and conditions, and requested a copy of the payment provision. The defendant replied to that letter on April 3, 1917, and set out the conditions under which the note could be paid and stated that satisfactory evidence by affidavit must be furnished to show that the sale was made in good faith. The defendant wrote the purchaser and from him received a letter stating that he had purchased the land. Other correspondence followed. In a letter to the attorney for the plaintiff, dated July 31, 1917, among other things the defendant said:

"The company stands ready and willing to accept payment in accordance with the terms of the mortgage paper and Mr. Mathews has specifically advised (as I understand your correspondence) that he has turned the correspondence over to you. . . .

"Our general counsel advise a sale means that actual transfer of the property and as the company is ready and willing to abide by the provisions in the note, which reference is made in the mortgage and accept payment at the time of a *bona fide* sale of the land upon receipt of satisfactory proof that such sale has been made, it seems that its position should be entirely clear and that it is correct in every particular.

"I will repeat in closing that the company does not want a law suit, but that it is entitled according to the terms of the note and mortgage to satisfactory evidence as to *bona fide* nature of the sale and the consummation of the deal."

The conditions imposed by the letter dated July 31, 1917, could not be complied with. "Actual transfer of the property" means a delivery of the deed. That could not be done unless the consideration was paid at or before the time of delivery. The purchaser would not pay until the mortgage was released. The consummation of the deal could not be accomplished except by the payment of the consideration, the release of the mortgage, and the delivery of the deed. The defendant's refusal to accept payment of the mortgage before payment of the consideration and delivery of the deed effectively blocked the consummation of the deal.

2. The defendant says that there was a variance between the petition and the evidence, and that therefore the demurrer to the evidence was properly sustained. There was a variance between the petition and the proof, but that variance did not mislead the defendant and cannot be held to be material. The defendant at all times had full and accurate knowledge of the conditions on which the mortgage could be paid, and was not misled as to them by the allegations of the petition.

3. The defendant argues that there was no tender of the amount necessary to pay the note by the proper party. On June 13, 1920, L. C. Burns sent the defendant a draft for $7,160, and wrote as follows:

"I am enclosing a draft for $7,160.00 as per order of W. L. Sconce to pay the loan of Jas. E. Mathews on N. W. ¼ of sec. 21, twp. 9, range 15, Jackson county, Kansas."

The draft was for an amount equal to the interest accrued and for two months' additional interest. It was refused and returned. In the letter returning it the defendant said:

"I am obliged to return your draft herewith, as from the showing made, loan cannot be paid in full. . . .

"You will note the persistence in refusing to give the company evidence requested and, of course, until Mr. Mathews has done this, the showing is not satisfactory and the loan is not payable under the sale option."

No claim was then made that the amount tendered was not by the proper party. The defendant should not now be per-

Railroad Co. v. Kohler.

mitted to raise this question under the circumstances of this case. A tender of payment by a stranger to the mortgage contract would not be good. (38 Cyc. 155; 26 R. C. L. 630; Note, L. R. A. 1918 C, 186-191.) Sconce was not a stranger to the mortgage. He had contracted to purchase the land and had agreed to furnish the money with which to pay the mortgage thereon, but would not take the land unless the mortgage was released. He was assisting the plaintiff to procure a release. The plaintiff testified:

"After receiving the statement from the company telling me the amount and what payment was necessary, I made arrangements with Mr. Burns to remit the amount of the note and mortgage to that date, expressed in that letter, of $7,160. I did not have $7,000 to pay the mortgage without borrowing it.

"Q. What arrangement, if any, did you make with Sconce and Burns for the payment of this $7,000.00 or what it was to be? A. Sconce was to furnish the money to pay this loan off as part of the consideration for the farm."

The defendant knew by correspondence that both the plaintiff and Sconce were endeavoring to get a release of the mortgage so that the purchase could be completed. The defendant knew, or should have known, that the tender of $7,160 was made for the plaintiff.

The evidence was sufficient to prove a cause of action in favor of the plaintiff and should have been submitted to the jury.

The judgment is reversed, and a new trial is directed.