## STATE OF KANSAS

### JANUARY TERM, 1923

#### PRESENT:

Hon. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,  } JUSTICES.
Hon. W. W. HARVEY,
Hon. RICHARD J. HOPKINS,

No. 24,235.

J. E. MATHEWS, *Appellee,* v. THE UNION CENTRAL LIFE INSUR-
ANCE COMPANY, *Appellant.*

##### SYLLABUS BY THE COURT.

1. MORTGAGE—*Paid—Refusal to Cancel—Damages.* In an action to recover
damages resulting from the wrong of the defendant the plaintiff may recover
all losses which are traceable to and naturally result from the wrong or in-
jury under a demand for general damages.

2. SAME—*Refusal to Cancel Paid Mortgage—Measure of Damages.* Under the
facts stated in the petition filed in the statutory action to recover penalty,
additional damages and an attorney's fee for the refusal of a mortgagee to
enter satisfaction of record of a mortgage lien, it is held that the allegations
justified a recovery of the losses which naturally resulted from the refusal
and that an itemized statement of such losses in the petition was not neces-
sary to such recovery.

3. SAME—*Refusal to Cancel Mortgage—No Justification Shown.* The evidence
examined, and held to be sufficient to support the finding of the court that
the refusal of the defendant was without justification and that the award
of damages was just.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion
filed February 10, 1923. Affirmed.

*T. F. Garver,* and *A. E. Crane,* both of Topeka, for the appellant.

*Eugene S. Quinton,* of Topeka, *Guy L. Hursh,* and *E. R. Sloan,* both of
Holton, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff asked damages for the failure of defendant to release a farm mortgage. This is the third appearing of the case in this court. (*Mathews v. Insurance Co.*, 104 Kan. 254, 540, 178 Pac. 609, 179 Pac. 974; Id., 107 Kan. 669, 193 Pac. 337). The plaintiff recovered, and defendant again appeals.

As shown in the earlier appeals, it was stipulated that the mortgagor had the privilege of paying the mortgage debt before it matured in case of a sale of the farm. On March 17, 1917, a sale was made to a purchaser on condition that the farm should be clear of incumbrances. Notice of the sale was given to defendant and a tender of the mortgage debt was made to it on March 23, 1917, but the tender was refused. The defendant assigned various reasons for refusing to accept the tender of payment and to release the lien of the mortgage, and after much correspondence and controversy the defendant, on May 14, 1918, did accept payment of the mortgage debt and entered of record a satisfaction of the mortgage lien. The plaintiff alleged that the resistance of defendant and its delay in canceling the lien had resulted in loss to him, and the court found that he had been damaged in the sum of $786.16, apart from the statutory penalty. This amount, in addition to the penalty of $100 fixed by statute, was awarded to plaintiff and an attorney's fee of $500 was allowed.

One of the contentions made on this appeal is that the allegations in the petition as to the damage sustained did not warrant the evidence offered by plaintiff to prove his loss. It is contended that in the petition only general damages were claimed, but the court had admitted proof of special damages. The plaintiff in his petition circumstantially set out the refusal of the defendant to carry out its agreement to accept payment, that it had by its wrongful conduct circumvented and prevented the consummation of the sale of the farm, and that by reason thereof the plaintiff had been unable to transfer it to the purchaser and had suffered losses to the extent of $2,300 in addition to the statutory penalty. The statute providing for damages for failure to cancel and clear the record of a mortgage lien makes the mortgagee liable for a penalty of $100 and "any additional damages that the evidence in the case will warrant." (Gen. Stat. 1915, § 6471.) Plaintiff was entitled to the additional damages which resulted from the wrongful conduct of the defend-

ant in preventing the consummation of the sale. One element was the use of the money which was tied up by its refusal to accept payment and enter satisfaction on the record. To keep his tender good plaintiff was required to borrow money, and he was deprived of the use of the purchase money during the default of the defendant. This loss, including some minor items, were traceable to and the probable and natural result of the defendant's misconduct and were recoverable even under a general allegation of damages. (*Mollohan v. Patton,* 110 Kan. 663, 202 Pac. 616, 205 Pac. 643; 8 R. C. L. 611.) There could have been no surprise as to the elements of damages nor prejudice to the defendant because the items of loss were not specifically pleaded. Besides, the averments of the petition indicated quite plainly the losses sustained, and the statute under which a recovery is asked provides that actual losses shown by the evidence are recoverable.

The principal contentions of the defendant revolve around the sufficiency of the evidence as to whether there was any justification of the failure of defendant to accept payment in discharge of the lien and as to its good faith in the transaction. One contention is that it was entitled to time to inquire as to whether a sale was actually made and that plaintiff had not satisfied the defendant in this regard. Another objection was that defendant had been advised by counsel that the sale mentioned in the contract meant an actual transfer of the title to the land, but this was an impracticable requirement since it was a cash sale, the farm to be conveyed free from incumbrances, and the transfer could not be completed until the mortgage was released. It appears that the defendant was fully informed as to the terms of the sale and could not have misunderstood the purpose of the plaintiff. It is needless to recite the evidence at length, which showed plainly enough that the defendant was endeavoring to induce the purchaser to renew or reconstruct the loan on the farm, and was more concerned about an uninterrupted investment than it was in making compliance with its contract. Its objections on the whole appear to be quite captious and unreasonable. It had no reason to doubt the *bona fides* of the sale, and the fact that plaintiff did not make an affidavit as to his good faith in the sale furnished no excuse for the refusal of payment. The evidence we think abundantly shows that the defendant was actuated by another motive and that it fully understood that an actual sale had been made. It recognized the sale

by making several efforts to procure a renewal of the loan by the purchaser. Full payment was made to defendant, which was at first returned by it, but more than a year afterwards it did accept payment and release the mortgage of record. The evidence is deemed to be sufficient to support the findings of the trial court.

Plaintiff in his cross appeal complains that the evidence required a larger award of damages than was made, claiming that interest should have been reckoned from the time the controversy arose instead of the time the demand for release was made by plaintiff. We think the rule applied by the court was the correct one and that there was no error in .the award made.

Judgment affirmed.