## CONTINENTAL BANK v. KOWALSKY.

1. ESTOPPEL—MORTGAGES—MORTGAGEE INFORMING PURCHASER OF AMOUNT DUE ESTOPPED FROM CLAIMING GREATER AMOUNT.

Where deed given bank as mortgage, and so recorded, recited consideration of $6,800, and bank, on inquiry by prospective purchasers of mortgaged property, informed them that that was the amount of lien, and they, relying thereon, purchased property, bank is estopped from thereafter claiming any greater amount by reason of recitals in renewal note, given by mortgagor after the purchase, that security should cover every other obligation of mortgagor due and to become due.

2. MORTGAGES—RECITAL IN MORTGAGE DETERMINES AMOUNT OF LIEN RATHER THAN RECITAL IN NOTE.

Recital of amount of lien in deed given as mortgage determines same rather than recital in renewal note that security should cover every other obligation of mortgagor due and to become due.

3. SAME—PENALTY STATUTE DOES NOT APPLY WHERE REFUSAL TO DISCHARGE NOT MADE IN BAD FAITH.

3 Comp. Laws 1915, § 11745, providing penalty for mortgagee's refusal to discharge mortgage on tender of amount due, does

not apply where mortgagee does not act in bad faith or without honest belief that amount tendered did not fully satisfy lien.

Appeal from Wayne; Cross (Orien S.), J., presiding. Submitted April 10, 1929. (Docket No. 130 Calendar No. 34,322.) Decided June 3, 1929.

Bill by Continental Bank, a Michigan corporation, against Esidore Kowalsky and another, and Harry J. Glasser and another, interveners, to foreclose a mortgage. From a decree for plaintiff, interveners appeal. Reversed, and decree entered.

*Anthony Maiullo,* for plaintiff.

*Shapero & Shapero,* for interveners.

McDONALD, J.   This bill was filed to foreclose a mortgage given by the defendants, Esidore Kowalsky and Minnie Kowalsky, on 34 vacant lots in the city of Detroit.

The defendant Esidore Kowalsky is a contractor and dealer in real estate. He had a line of personal credit for a considerable amount with the plaintiff bank. In January, 1925, he applied for a loan of $6,800. The loan was made and a warranty deed of the property in question was taken as security. The deed was absolute in form but was recorded as a mortgage. Subsequently, Mr. Kowalsky conveyed the lots to the defendants Glasser and Hoffman as a down payment on the purchase of an apartment building subject to the plaintiff's mortgage of $6,800. Before closing the deal with Kowalsky, Mr. Hoffman examined the records in the register of deeds' office, from which he learned that the deed to the plaintiff

had been recorded as a mortgage, that it recited a consideration of $6,800, and that on that sum the mortgage tax was paid. Mr. Hoffman then went to the plaintiff bank, stated that he and Glasser were buying the lots from Kowalsky, and inquired as to the amount of its claim against the property. He was told that the entire amount was $6,800. Having received this information, Hoffman and Glasser accepted a conveyance from Kowalsky subject to the $6,800 lien. The note which this mortgage was given to secure does not appear in the record. In May, 1925, it became due, and Hoffman and Glasser paid the bank $2,000. The bank required Kowalsky to sign the renewal note for $4,800. This note recited that the deed which was given to secure the original loan should be security also for every other obligation of Kowalsky due and to become due. Defendants Hoffman and Glasser did not know of this recital in the renewal note. Kowalsky subsequently became indebted to the bank on other notes totaling $5,900. These notes were carried on the bank's books as unsecured paper. When the bank began foreclosure, it claimed that the security attached not only to the $4,800 balance due on the $6,800 loan, but to all other Kowalsky obligations. On the hearing, the court adopted this view, and found that there was $12,930.16 due on the mortgage. It was decreed that this amount should be paid to the plaintiff out of a fund of $15,000 which defendants Hoffman and Glasser previously had been ordered to deposit with the clerk of the court. From the decree entered, Hoffman and Glasser have appealed.

The one question in issue is the amount due on the mortgage. The appealing defendants admit an unpaid balance of $4,800, which amount they have

tendered to the plaintiff. Their only contention here is that the court erred in attaching to the security other notes which the bank holds against Kowalsky. There is no dispute as to the controlling facts. Hoffman and Glasser were good-faith purchasers for value. Before closing the deal with Mr. Kowalsky, they used every available means to ascertain the exact amount of the bank's lien. They examined the records in the office of the register of deeds, from which they learned that the deed was given as security for a loan of $6,800. They then advised the bank that they were about to purchase the property, and desired to know the extent of its interest, and were informed that the entire amount of the lien was $6,800. Mr. Hoffman testified that, relying on the bank's statement and on the recital in the deed, they concluded their deal with Kowalsky. In view of these facts, the bank is estopped from now claiming any greater lien. 21 C. J. p. 1067; 41 C. J. p. 597; 10 R. C. L. p. 760; 2 Jones, Mortgages (8th Ed.), pp. 248, 249.

But the plaintiff claims that it has a right to attach all of Kowalsky's obligations to the security because of the recitals in the renewal note made on May 11, 1925. This note contained a statement that the plaintiff should hold the deed as security for all of Mr. Kowalsky's indebtedness "due or to become due or that may hereafter be contracted." Hoffman and Glasser knew nothing of its contents. They did not sign it. Kowalsky signed it without any agreement or understanding with them. At that time he had no interest whatever in the mortgaged property. But all of this is of little importance, for the amount of the lien is to be determined by the recital in the deed. *Carrol* v. *Chauret*, 241 Mich. 338.

It is conceded that a proper tender in writing was made by the defendants on February 15, 1928, and was refused by the plaintiff. This tender was of full performance of the conditions of the mortgage and contained a demand for release or discharge. In view of this, the defendants ask that the plaintiff be compelled to pay the penalty fixed by the statute (3 Comp. Laws 1915, § 11745) and the actual damages occasioned by its refusal to discharge the lien. In its refusal, we are not persuaded that the mortgagee acted in bad faith or without an honest belief that the amount tendered did not fully satisfy the lien. The penalty statute does not apply.

We find the amount of the plaintiff's lien to be $4,800, on which it is not entitled to interest since February 15, 1928, the date of tender.

A decree will be entered in accordance with this opinion. The defendants Hoffman and Glasser will have costs of this court.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.