130 So.2d 52

Charles L. FALLON and Adelaide L. Fallon,

v.

Elizabeth Logan HACKNEY.

6 Div. 518.

Supreme Court of Alabama.

March 23, 1961.

Mark L. Taliaferro, C. V. Stelzenmuller and Burr, McKamy, Moore & Thomas, Birmingham, for petitioners.

McDonald & Moon, Birmingham, opposed.

PER CURIAM.

Plaintiffs sued to recover the penalty imposed by § 179, Title 47, Code 1940, on a party therein named who, for thirty days after request in writing, fails to enter the fact of payment or satisfaction on the margin of the record of a mortgage. The case was tried in the circuit court without a jury, on an agreed statement of facts, and judgment was rendered for defendant. On appeal, the Court of Appeals reversed and rendered judgment for the plaintiffs. The defendant has applied for certiorari to review the judgment of the Court of Appeals.

The stipulation of facts shows that on February 16, 1954, plaintiffs purchased a lot in Birmingham from Jessie Adeline Warner and executed to her a purchase money mortgage to secure a note for $3,450, which was due and payable as follows: $450 on or before May 1, 1954, and $3,000 payable in installments of $35 per month commencing April 1, 1954, and on the first day of each month thereafter until paid in full, " * * * 'or until the death of, payee, whichever first occurs.'" The mortgage recites that should mortgagee die before the $3,000 is paid in full, "' * * * then said monthly payments shall cease, but in no event shall the death of mortgagee abate any part of the amount of $450.00 which may be due and owing at the time of her death.'" The stipulation sets out the dates and amounts of the respective payments

on the note made by plaintiffs, which total approximately $1,500. The stipulation shows that some of the installments were paid on the first day of the month and that others were paid one or more days after the first day of the month. The last payment shown was made September 1, 1956. On September 5, 1956, the mortgagee transferred the note and mortgage to defendant. On September 12, 1956, the mortgagee died. On October 17, 1956, plaintiffs served on defendant a request in writing to enter satisfaction on the margin of the record of said mortgage in the office of the Judge of the Probate Court. Defendant did not enter satisfaction as requested and plaintiffs commenced this action.

As we understand the argument, defendant agrees that no further monthly installment became due after the mortgagee's death and that as to such installments the mortgage debt was extinguished by the death of the mortgagee. Defendant contends, however, that the Court of Appeals erred for two reasons. First, defendant says the plaintiffs were delinquent in making payment of a number of the monthly installments which matured prior to mortgagee's death, and that as a result of this delinquency, interest accrued on the installments which were paid after the dates, respectively, on which they became due, and that there is now a balance of several dollars due and unpaid for interest on installments which matured prior to the death of mortgagee. We pretermit consideration of this first contention because we are of opinion that defendant's second insistence is well taken and requires reversal of the judgment of the Court of Appeals.

Defendant's second insistence is that §§ 178 and 179, Title 47, Code 1940, are highly penal and must be strictly construed against the party claiming the penalty, and, that when the statute is so construed, defendant is not a party liable for the penalty. In pertinent part the statute recites:

"§ 178. If a mortgage * * * has been fully paid or satisfied, the * * * assignee of the mortgage * * * who has received payment or satisfaction, must on request in writing of the mortgagor, * * * enter the fact of payment or satisfaction on the margin of the record of the mortgage * * *."

"§ 179. If, for thirty days after such request, the * * * assignee * * * fails to make any entry required by this article he forfeits to the party making the request two hundred dollars unless there is pending, or there is instituted, a suit within that time, in which the fact of partial payment or satisfaction is or may be contested. * * *"

■■■ § 179, Title 47, Code 1940, is a penal statute, and, as repeatedly held by this court, must be strictly construed. Grooms v. Hannon, 59 Ala. 510; Brandon v. Garland, 211 Ala. 150, 100 So. 132; and cases cited in Ala.Digest, Mortgages, ⫷312(2). To recover a statutory penalty, the party complaining must bring himself within the letter of the statute, Grooms v. Hannon, supra; and it cannot be extended by implication; Jarratt v. McCabe, 75 Ala. 325; Jowers v. Brown Bros., 137 Ala. 581, 34 So. 827.

§ 178, Title 47, Code 1940, imposes on an assignee "who has received payment or satisfaction," the duty to enter the fact of satisfaction on the record, and § 179 imposes the penalty on an assignee who fails to make "any entry required by this article."

The language of the statute makes liable an assignee who has received payment or satisfaction. If an assignee who has not received payment or satisfaction is to be held liable, then the statute must be extended by implication because the statute does not so provide. In the light of the former decisions of this court, extension of the statute by implication is not authorized.

No case has been cited to us nor have we found any, where a penalty for failure

to enter satisfaction was enforced against a party who had not received payment, satisfaction, or a tender of payment. There is a statement in 59 C.J.S. Mortgages, § 474b., page 746, as follows:

"* * * Actual receipt of payment by the mortgagee is not essential to the recovery of the damages; * * *."

The case cited to support the statement, however, Mathews v. Union Cent. Life Ins. Co., 104 Kan. 254, 178 P. 609, appears to be one where the mortgagor had tendered payment in money and the mortgagee had refused to accept the tender. Moreover, the Kansas court says:

"The statute is purely remedial, as distinguished from penal. * * *" (104 Kan. 254, 256, 178 P. 609, 610.) Our statute has not received that construction. Grooms v. Hannon, supra.

▮ In the case at bar, as the result of mortgagee's death, the obligation to pay the unmatured installments of the mortgage debt has been extinguished and plaintiffs have been released from that obligation. As it appears to us, defendant has not received anything by the occurrence of mortgagee's death, or otherwise. Instead of receiving something, defendant has lost the right to collect the unmatured installments, which right she had before mortgagee's death.

Consequently, we are of opinion that this defendant is not shown to be an assignee who has received payment or satisfaction, was not under the duty imposed by the statute to satisfy the record, and therefore is not liable for the statutory penalty for failure to enter satisfaction on the record.

Accordingly, the judgment of the Court of Appeals is due to be and is reversed and remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.

SIMPSON, Justice (dissenting).

On the basis of the opinion of the Court of Appeals I respectfully dissent. I would affirm the judgment of the Court of Appeals.