The plaintiff-mortgagor brought suit against the defendant-mortgagee for the defendant's failure to satisfy a mortgage. A jury returned a verdict in favor of plaintiff. The amount of the verdict and resulting judgment was $2,750.
The defendant appeals, contending that the statutory penalty as provided by Code of Ala. 1975, § 35-10-30, is the exclusive remedy available to the plaintiff and therefore the case is due to be reversed. We disagree and affirm.
The plaintiff's complaint alleges that the plaintiff executed a promissory note and mortgage to the defendant; that the note was paid and request was made to the defendant to mark the mortgage satisfied; that the defendant did not satisfy the mortgage and as a result thereof the plaintiff was not able to sell the property upon which the mortgage existed. Specifically, the plaintiff alleges that a buyer had been obtained to purchase for a specific amount and that this buyer did not purchase because of the defendant's action as indicated above. The plaintiff later sold the property at an amount less than that offered by the original purported purchaser.
For purposes of this opinion, suffice it to say that there is evidence to support the above allegations of the complaint.
As indicated above, the defendant, through able counsel, contends that plaintiff's exclusive remedy against the defendant is the penalty provided for in Code of Ala. 1975, §35-10-30 (a). This code section in pertinent part provides as follows:
 "(a) If, for 30 days after such request, the mortgagee or assignee or transferee, trustee or cestui que trust, fails to make any entry required by this article he forfeits to the party making the request $200.00 unless there is pending, or there is instituted, an action within that time, in which the fact of partial payment or *Page 318 
satisfaction is or may be contested. In construing this article, the right of action given herein shall be considered as a personal right, and shall not be lost or waived by a sale of the property covered by the mortgage or deed of trust before a demand was made for the satisfaction to be entered upon the record."
We do not construe § 35-10-30 (a) to have created a unitary and exclusive remedy for a mortgagor who has suffered damages separate and apart from the statutory penalty.
As noted in 86 C.J.S. Torts § 15, it has been held that generally any violation of a statute is a delict, and that a violation of a penal statute may also constitute a civil tort. In addition, the Supreme Court of Alabama has stated that an "injury" should have a remedy, defining "injury" as damage which results from a breach of legal duty. See Pickett v.Matthews, 238 Ala. 542, 192 So. 261 (1939).
Furthermore, the law of torts is anything but static, and the limits of its development are never set. New and nameless torts are being recognized constantly, and the progress of the common law is marked by many cases of first impression. When it becomes clear that the plaintiff's interests are entitled to legal protection, lack of precedent will not bar his recovery.See W. Prosser, The Law of Torts § 1 (4th Ed. 1971).[1]
It has been held that the statute is penal in nature, and therefore it is to be strictly construed. We decline to give it effect beyond that which has been expressly set forth by its language. Fallon v. Hackney, 272 Ala. 17, 130 So.2d 52 (1961);Brandon v. Garland, 211 Ala. 150, 100 So. 132 (1924). Under the rule of strict construction, the statute has a limited application; it penalizes the mortgagee to the extent of the sum set forth for the sole fact of his failure to enter satisfaction of the mortgage on the appropriate record within thirty days after such entry has been rightfully demanded by the mortgagor. Williams v. Bowdin, 68 Ala. 126 (1880). The gravamen of a complaint premised entirely on § 35-10-30 (a) is the fact of the defendant's failure to discharge a statutory duty notwithstanding any other remedy to which the injured mortgagor may be entitled.
In essence, the action is one for a debt, and the plaintiff need not prove damages in order to recover the fixed sum. Id.
Inasmuch as the statute is penal and not remedial, the penalty is not in lieu of compensatory damages suffered by the mortgagor and resulting from the mortgagee's wrongful failure to exonerate. When, as here, the mortgagor pleads and proves damages quite apart from the penalty arising from the fact of failing to discharge the statutory duty to exonerate, the mortgagor is not precluded from asserting other theories to recover his damages.
Additionally, other sections of the Code of Alabama which provide penalties for wrongful acts have been held not to preclude an injured party from asserting alternative remedies to recoup his entire loss. For example, § 35-14-1 (a) provides that the owner of land may recover a specified penalty from another who wrongfully cuts down the owner's trees, said penalty, as in the instant case, being assessed for the fact of commission of the wrongful act alone. The penalty may be recovered in connection with and in addition to other damages which the plaintiff proves pursuant to other alternative causes of action. Dawsey v. Newton, 244 Ala. 661, 15 So.2d 271 (1943).
We are aware that subsection (c) of § 35-14-1 and § 35-14-3
provide for joinder of additional claims and further actions for damages in addition to that of the penalty, but the absence of such a provision in § 35-10-30 (a) does not compel the conclusion that a plaintiff is barred from asserting other theories of recovery. This is so because where a statute is silent as to its scope of application, there is a presumption *Page 319 
that the legislature does not intend to make any alteration in the law beyond that which it declares either expressly or by unmistakable implication. Beasley v. MacDonald Engineering Co.,287 Ala. 189, 249 So.2d 844 (1971). Thus, in the instant situation, absent such a clear manifestation of legislative intent, the fundamental principles and the general system of common law are deemed to coexist with the statutory scheme.Duncan v. Rudulph, 245 Ala. 175, 16 So.2d 313 (1944).
In view of the above, in this instance the mortgagor is not limited in his recovery to the amount of the penalty specified in § 35-10-30 (a).
The case is due to be affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., dissents.
[1] We would be remiss in not commenting on the dissent by Presiding Judge Wright. The dissent misconstrues what we have said, when it states that this court is creating new common law rights or remedies. We are simply noting that torts may berecognized in cases of first impression.