I must respectfully dissent from the decision of the majority in this case. The effect of the decision as I understand it, is to create a new common-law cause of action. The statute, §35-10-30 (a), Code of Alabama (1975), specifically states that it gives a personal right of action to the person entitled to make the request for satisfaction under the provisions of §§35-10-27, 29. This right of action was unknown to the common law, Morrill v. Title Guaranty Surety Co. et al., 94 Wn. 258,163 P. 733 (1917), for there was no such duty at common law. The Alabama courts in applying this statute have declared it to be strictly penal in nature and as such is to be strictly construed. Fallon v. Hackney, 272 Ala. 17, 130 So.2d 52 (1961). It is the general rule that if a statute creates a new right or duty not existing at common law and prescribes a penalty for its violation, the action for the penalty is the exclusive remedy unless the statute provides otherwise. 1 C.J.S. Actions § 6. This statute cannot be compared with that setting a penalty for the cutting of trees. § 35-14-1 (a). That statute provides that the right of action created thereby may be joined with other actions. Such other actions are in trespass and were actions at common law in any event and needed no statutory approval.
I am convinced that this statute creates a cause of action unknown to common law and provides the exclusive remedy for a breach of the duty created thereby. It is not the province of nor within the power of this court to declare an extension nor expansion of the common law right or remedy. That is a legislative function. For I believe that majority has surpassed its authority. I must dissent.