REGAN, Judge.
The plaintiff, Elvin Paul, Jr., filed this suit against the defendant, Excel Finance Treme, Incorporated, endeavoring to recover the sum of $7,521.29, representing damages which he asserts were incurred by him as the result of the defendant’s refusal to surrender an extinguished promissory note, which was secured by a mortgage on the plaintiff’s property.
The defendant answered and pleaded the exception of no cause of action predicated upon the plaintiff’s failure to exercise his legal right under Civil Code, Articles 3372[1] and 3376[2] to compel surrender of the note.
From a judgment of the lower court in favor of the defendant maintaining the foregoing exception, the plaintiff has prosecuted this appeal.
For the purpose of considering the validity of the defendant’s exception of no cause of action, we must accept as true the allegations contained in the plaintiff’s petition. These allegations disclose that the Alphonse Mortgage Company instituted a foreclosure suit to enforce a mortgage which it acquired on property owned by the plaintiff herein. While the suit was pending, the plaintiff and Alphonse Mortgage Company entered into an agreement whereby the plaintiff would transfer the property by an act of dation en paiement to Alphonse Mortgage Company who in turn agreed to pay the plaintiff the sum of $50.00.
It was subsequently discovered that a mortgage existed on the public records in favor of the defendant in this case, Excel Finance Treme, Incorporated, dated September 18, 1963, in the amount of $504.00. The note which had secured this mortgage had been extinguished by novation by virtue of the execution of a new note thereby extinguishing the mortgage which was an accessory to the original promissory note.
*437 Despite an amicable demand made by the plaintiffs attorney upon the defendant to surrender the note, it refused to do so. Consequently, the proposed dation en paiement to Alphonse Mortgage Company never occurred, and the foreclosure sale was consummated. Thereafter, Alphonse Mortgage Company obtained a deficiency judgment against the defendant for an amount which was not realized from the sale of the property. The plaintiff finally alleged that the refusal of the defendant to surrender the note was the actual cause of the rendition of the deficiency judgment against him.
In its reasons for judgment, the lower court stated that the plaintiff’s legal remedy was provided by Article 3376 of the Civil Code, the pertinent part of which reads that “ * * * if the creditor refuse to grant this release [of mortgage], the other party shall have an action to compel him to grant it.” He in effect stated that since legal action was not pursued by the plaintiff he was guilty of laches and therefore he caused his own damages.
An analysis of the lower court’s reasons for judgment discloses that the trial judge concluded that Article 3376 of the Civil Code established the exclusive remedy for obtaining the return of this note, and that the mortgagee had no obligation to surrender the note in the absence of a suit.
We are convinced that the ¡foregoing article does not purport to provide the exclusive remedy for obtaining the surrender of a paid note from a mortgagee. Therefore, in order for the judge of the trial court to determine whether the defendant was guilty of negligence, malice, bad faith, or any other pertinent factor which would subject it to liability to the plaintiff, a trial on the merits is necessary; consequently, the trial court erred when it maintained the defendant’s exception of no cause of action.
For the foregoing reasons, the judgment of the lov/er court is set aside, and the case is remanded for additional proceedings not inconsistent with the views expressed hereinabove.
Judgment is set aside and the case is remanded.

. La.Civil Code, Art. 3372. “Inscriptions of mortgages and privileges may be also erased by virtue of a judgment ordering such erasure, in one of the cases hereafter enumerated.”

. La.Civil Code, Art. 3376. “He who shall have subscribed in favor of another, an act bearing a mortgage or privilege, to secure the payment of a debt or the execution of an obligation, may, on the payment of the debt or performance of the obligation, require of the creditor a release of the mortgage or privilege, provided he will defray the expense of rhe act which it may be necessary to prepare for this purpose; and if the creditor refuse to grant this release, the other party shall have an action to compel him to grant it, and he shall he condemned to pay the costs. (Emphasis added.)