SKORPIOS PROPERTIES, LTD. *v.* JOHN C. WAAGE ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE NO. 156089
                        AT BRIDGEPORT

Memorandum filed September 30, 1975

*Nemore & Nemore,* for the plaintiff.

*Cheney, Tyler, Wolfe & Dillman,* for the defendant Olive Waage.

No appearance for the named defendant.

STAPLETON, J. This is an action for $1,100,000 damages for refusal to give a partial release of mortgage. The defendant Olive Waage demurred to the prayer for relief for the reason that § 49-8 of the General Statutes[1] provides an exclusive remedy to the plaintiff in such a case and limits damages to a total of one thousand dollars.

On its face § 49-8 applies to the facts in this case. Subsection (3) refers to the situation where "the parties in interest have agreed in writing to a partial release of a mortgage . . ." and subsection (4)

---

[1] Sec. 49-8. RELEASE OF SATISFIED OR PARTIALLY SATISFIED MORTGAGE OR INEFFECTIVE ATTACHMENT, LIS PENDENS OR LIEN. DAMAGES. "(1) Upon the satisfaction of any mortgage or (2) upon a bona fide offer to satisfy the same in accordance with the terms of the mortgage deed upon the execution of a release, or (3) when the parties in interest have agreed in writing to a partial release of a mortgage where that part of the property securing such partially satisfied mortgage is sufficiently definite and certain, or (4) when the mortgagor has made a bona fide offer in accordance with the terms of the mortgage deed for such partial satisfaction on the execution of such partial release, the mortgagee or person by law authorized to release the same shall execute and deliver a release to the extent of such satisfaction tendered before or against receipt of such release or (5) when an attachment has become of no effect pursuant to section 52-322 or section 52-324 or (6) when a lis pendens or other lien has become of no effect pursuant to section 52-326 and the mortgagee or plaintiff or his attorney, as the case may be, fails to execute and deliver a release after thirty days from the date of a written request for a release of such encumbrance sent to him to his last known address by registered mail or by certified mail, postage prepaid, return receipt requested, such mortgagee or plaintiff shall be liable in damages to any person aggrieved at the rate of fifty dollars for each week after the expiration of such thirty days but not exceeding in the whole the sum of one thousand dollars."

covers the case where "the mortgagor has made a bona fide offer in accordance with the terms of the mortgage deed . . ." for a partial release of mortgage. In the present case the plaintiff alleges that the mortgage deed, by its terms, called for the execution of the requested partial release.

Our statute provides for the mortgagee to be "liable in damages" for refusal to execute a partial release at the rate of fifty dollars per week and in no event to exceed the total sum of one thousand dollars. The statute is specific. It covers our exact factual situation and it expressly limits the mortgagor to total damages of one thousand dollars. It appears to the court to be unambiguous and susceptible of no reasonable interpretation other than that contended for by the defendant in her demurrer.

While no Connecticut cases have been decided on that issue, the authorities in other states construing similar statutes also support that conclusion. *Pittsburg Mortgage Inv. Co.* v. *Cook,* 150 Okla. 236; *Morrill* v. *Title Guaranty & Surety Co.,* 94 Wash. 258, reh. denied, 94 Wash. 266. In both of those cases the statutes provided for a specific dollar penalty on a periodic basis for refusal to give a release of mortgage within a specified number of days after demand. In neither case did the statute make reference to any other damages. Each court held that the exclusive remedy was by statute and that the amount of the damages was as set forth in the statute.

The plaintiff cites several cases in support of its position but, unlike the above two decisions, none is precisely in point. The leading case of *Mathews* v. *Union Central Life Ins. Co.,* 113 Kan. 1, cited by the plaintiff, does permit the mortgagor to recover actual damages in addition to a statutory penalty. The statute in that case, however, spe-

cifically provided for such "other damages." In addition, in *Paul* v. *Excel Finance Treme, Inc.*, 212 So. 2d 435 (La. App.), *Rosedofsky* v. *Corosa*, 93 N.H. 394, and *Knox* v. *Farmers' State Bank*, 7 S.W.2d 918 (Tex. Civ. App.), also relied on by the plaintiff, either no statute was in issue in the case or none provided a dollar penalty as did the Connecticut statute. The plaintiff cannot cite a single case which sustains its position. Our statute is clear and unambiguous.

The demurrer to the relief is sustained on the ground set forth therein.